**REPUBLIC SUPPLY CO. v. POWELL et al.**

No. 9160—Opinion Filed Oct. 8, 1918.

(175 Pac. 519.)

(Syllabus.)

**Mechanics' Liens — Proceeds of Property — Payment—Statute.**

Where the proceeds of the sale of property upon which liens have attached under the provisions of section 3879, Rev. Laws 1910, for material furnished and labor performed are insufficient to pay all the claimants, the court should order them to be paid in proportion to the amount due each.

Error from District Court, Carter County; W. F. Freeman, Judge.

Proceeding to enforce mechanics' liens by O. H. Powell and others against the Healdton-Wheeler Oil & Gas Company and the Republic Supply Company. From a decree holding plaintiff's lien superior, the Republic Supply Company brings error. Reversed, and cause remanded.

Sigler & Howard, for plaintiff in error.

R. A. Hefner, for defendants in error.

HARDY, J. From a decree adjudging that certain laborers, who were plaintiffs below, held liens superior to that asserted by it against the property of the Healdton-Wheeler Oil & Gas Company, the Republic Supply Company appeals.

The material furnished by plaintiff in error was delivered during the months of August and September, 1914, and statement claiming a lien therefor, as required by section 3865, Rev. Laws 1910, was filed December 14, 1914. The claims of plaintiffs were filed February 10, 1915. A receiver having been appointed, by agreement the property of the Healdton-Wheeler Oil & Gas Company, consisting of certain material furnished by plaintiff in error, was sold, and this contest involves claims for priority against said fund. While there is no evidence in the record showing when said work was performed by plaintiffs, it is asserted by plaintiff in error, and not denied, that same was performed in December, 1914, and January, 1915, after the materials were furnished for which plaintiff in error asserts a prior lien. If we assume that all the plaintiffs complied with the law with reference to filing statement and claim for liens, the judgment must be reversed. The proceeds were insufficient to pay all the claimants in full and by virtue of section 3879, Rev. Laws 1910, the court should have ordered them to be paid in proportion to the amount due each.

The judgment is therefore reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.