## PIERCE OIL CORPORATION et al. v. PHOENIX REFINING CO. et al.

No. 10550—Opinion Filed May 25, 1920.

Rehearing Denied July 6, 1920.

(Syllabus by the Court.)

1. **Carriers—"Common Carrier"—Oil Pipe Lines—Finding of Corporation Commission.**

A finding by the Corporation Commission that a pipe line extending between two points within the state has been transporting oil for hire, and is a common carrier within the meaning of section 4309, Revised Laws 1910, will not be disturbed on appeal to this court when there is evidence reasonably tending to support such finding.

2. **Same — Statutory Regulation — Taking Property Without Due Process of Law.**

A pipe line company which has built and constructed its pipe line since the passage of article 2, ch. 53 (sections 4304 and 4318), Revised Laws 1910, or those that have acquired pipe lines since said time, and have thereby received the benefits of said law, cannot contend that section 4309 of said law, which makes said pipe lines a common carrier, is in vio'ation of the Fifth and Fourteenth Amendments to the Constitution of the United States and the Constitution of Oklahoma, in that it amounts to the taking of property without due process of law.

Appeal from Order of the State Corporation Commission.

Complaint before the Corporation Commission by the Phoenix Refining Company against the Pierce Oil Corporation and Clay Arthur Pierce. From order of Commission requiring defendants to give complainant service in its oil pipe line and revoking former order exempting defendants from obligations of a common carrier, defendants appeal. Affirmed.

Boyle & Priest and West, Sherman, Davidson & Moore, for plaintiffs in error.

Stuart, Cruce & Cruce, for defendants in error.

McNEILL, J. This action was commenced before the Corporation Commission by the Phoenix Refining Company against the Pierce Oil Corporation and Clay Arthur Pierce. The complaint alleged the Phoenix Refining Company was a corporation operating a refinery at Sand Springs, Okla., and owned certain oil leases in the Cushing oil fields which were producing oil; that the Pierce Oil Corporation was the owner of a pipe line extending from Cushing oil fields to Sand Springs, and for several years had been transporting the oil of the complainant from the Cushing oil fields to Sand Springs, and had transported

the oil for various other parties for hire, and that the company in the operation of its pipe line was a common carrier and subject to the rules and orders of the Corporation Commission. The petition further alleged that complainant had entered into certain contracts with the defendant for transportion of its oil each year, but the defendant had notified plaintiff that it would no longer carry oil for the complainant; and it was further alleged that there was no other pipe line connecting the Cushing oil fields to Sand Springs whereby the complainant could have adequate service for transporting its oil to its own refinery. The complainant prayed for the Corporation Commission to make an order compelling the defendant to continue to transport the oil of the complainant.

The defendant answered, admitting it was a corporation, and alleged the complaint did not state facts sufficient to constitute a cause of action. It admitted the company was engaged in the refining business, but denied that in operating its pipe line it was a common carrier, or ever had been, and denied it was subject to the orders of the Corporation Commission, and pleaded that its line running from the Cushing fields to Sand Springs was constructed to carry its own oil to its own refinery, and it alleged that it had increased its refinery at Sand Springs, and it would be necessary to utilize all of its space in the pipe line to carry its own oil. It also alleged that it had been exempted from being a common carrier by the Corporation Commission, and further pleaded that the only oil that it had ever transported was simply as an accommodation, and there were other common carrier lines from which the complainant could receive adequate service.

Upon hearing before the Corporation Commission, the Corporation Commission ordered the defendant Pierce Oil Corporation to carry oil offered to it by the Phoenix Refining Company from the producing wells of the Phoenix Refining Company, which wells were producing about 30 barrels per day, to the refinery of the Phoenix Refining Company, located at Sand Springs, and to carry such other oil as the Phoenix Refining Company might have to offer so long as space in the line was available.

The second order appealed from was the order setting aside a previous order of the Corporation Commission whereby the Corporation Commission had exempted the Pierce Oil Corporation and Clay Arthur Pierce pipe line extending from the Cushing fields to Sand Springs from being a common carrier as provided in section 4308, Rev. Laws 1910.

To reverse the order of the Corporation Commission, the Pierce Oil Corporation and Clay Arthur Pierce have appealed to this court and rely upon two propositions:

The first question presented goes to the sufficiency of the evidence to support the finding of the Corporation Commission that the pipe line of the Pierce Oil Corporation and Clay Arthur Pierce was a common carrier and subject to the rules and orders of the Corporation Commission.

In considering this question the finding of fact of the Corporation Commission must be considered in the light of the former opinions of this court, wherein this court has held that the finding of fact by the Corporation Commission will not be reversed on appeal if there is any evidence reasonably tending to support its finding. Such was the holding in Ft. Smith & W. R. Co. v. State, 25 Okla. 866, 108 Pac. 407, and in A. T. & S. F. R. Co. v. State, 47 Okla. 237, 148 Pac. 144. Section 4309, Rev. Laws 1910, defines what oil pipe lines are common carriers. Section 4308, Id., provides what companies may be exempt from the orders of the Corporation Commission.

An examination of the record discloses that there was evidence that the Pierce Oil Corporation and Clay Arthur Pierce had been carrying oil of the Phoenix Refining Company for some four or five years under contract for a fixed rate. There was evidence that they had also carried oil for the Constantin Refining Company, and it was stated by one of the witnesses for the company that they had contracted from year to year with various refineries and had carried oil for those refineries located at Sand Springs and a few at Tulsa. The Pierce Oil Corporation and Clay Arthur Pierce contended that, while they had carried oil other than their own, in doing so the charges were nominal and they were transporting the oil more as an accommodation for the other refineries than for the purpose of profit, and that the line was built and constructed, not for the purpose of being a common carrier but simply to supply their own refinery. We think the evidence, such as heretofore stated, was sufficient to support the finding of the Corporation Commission that the pipe line of the Pierce Oil Corporation and Clay Arthur Pierce was a common carrier as defined by section 4309, Rev. Laws 1910, and therefore subject to the rules and regulations of the Corporation Commission; therefore this finding will not be disturbed by this court on appeal.

The Corporation Commission further found that the plaintiffs in error were not utilizing

the full capacity of their pipe line and that the pipe line could take care of the oil offered or tendered to it for transportation by the complainant. There was also sufficient evidence to support this finding. The order of the Corporation Commission only requires the Pierce Oil Corporation and Clay Arthur Pierce to receive and transport the oil offered so long as there may be space available in their pipe lines.

The next question presented by the plaintiffs in error is stated as follows:

"That such a construction of the statutes as would make the Pierce Oil Corporation a common carrier and amenable to the jurisdiction of the Corporation Commission, under the conceded facts, would render such legislation invalid and in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and also in violation of the Constitution of Oklahoma."

We do not believe that plaintiffs in error are in a position to test the constitutionality of the statute, which makes the pipe line a common carrier of oil, for the reason the record discloses that the statute which gave the pipe line companies the right of eminent domain and the right to build their lines upon and across the highways was an act dealing exclusively with oil pipe lines, and was passed by the Legislature and became effective in 1909. The plaintiffs in error's pipe line was not built or constructed until 1913. This court, in the case of Noble State Bank v. Haskell, 22 Okla. 48, 97 Pac. 590, on page 74 of 22 Okla., stated:

"It is doubtless true that such a law could be enforced as to banks chartered after its passage, because then it would be optional with the persons desiring to organize a bank to incorporate or not, as they liked. If they chose to avail themselves of the law, they could not then object to it, but as to banks already in existence, that have no choice in the matter, the law does not operate upon them by their consent, but purports to compel them to act under its provisions."

The Supreme Court of the United States, in passing upon the constitutionality of similar legislation wherein the law was being attacked as unconstitutional by pipe line companies built and constructed prior to the passage of the law and those constructed or acquired after the passage of the law—in The Pipe Line Cases, 234 U. S. 540, on page 561—states as follows:

"So far as the statute contemplates future pipe lines and prescribes the conditions upon which they may be established, there can be no doubt that it is valid. So the objection is narrowed to the fact that it applies to lines already engaged in transportation."

The Supreme Court of California, in the case of the Associated Pipe Line Company v. R. R. Commission of California, 169 Pac. 62, wherein the same question was involved, the law being attacked by pipe line companies constructed prior to the passage of the legislation and those built or constructed after the legislation, stated as follows.

"Subdivision (d) of section 1 and section 2 of the act are, except perhaps as to corporations acquiring such pipe lines after the passage thereof, unconstitutional and in violation of the Fourteenth Amendment to the federal Constitution, in that they contemplate the taking of private property in the absence of any provision made for compensating the owners, and without due process of law."

It is true plaintiffs in error contend that they did not exercise the right of eminent domain in building the pipe line in question, but purchased all of their right of way. While this may be true as to the land owned by individuals, yet there are other rights granted to said company by virtue of section 4305, Rev. Laws 1910, relating to the highways, and rights under and by virtue of other sections of the statute from which they have received the benefit.

By applying the same rule to the facts in the case at bar, the Pierce Oil Corporation and Clay Arthur Pierce, having built and constructed their pipe line after the passage of the legislation which dealt exclusively with the subject of oil pipe lines and declared that certain lines were common carriers, the company having built and constructed its line in accordance with the provisions of said law and having received any and all benefits that might be derived from said law, cannot now contend that one section of the same, to wit, 4309, which makes said line a common carrier, is in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States or of the Constitution of the state of Oklahoma in that it amounts to the taking of property without due process of law. The determination of this question also settles the question as to the error committed by the Corporation Commission in setting aside its previous order exempting the Pierce Oil Corporation and Clay Arthur Pierce from being a common carrier.

For the reasons stated, the orders of the Corporation Commission will be affirmed.

RAINEY, C. J., and HARRISON, JOHNSON, and BAILEY, JJ., concur.