## LOGUE & THOMPSON CO. v. WILLIAMS et al.

No. 11911—Opinion Filed Dec. 4, 1923.

Rehearing Denied Jan. 15, 1924.

Second Rehearing Denied March 25, 1924.

1. **Mechanics' Lien—Creation of Lien—Time for Filing.**

A party entitled to a materialman's, laborer's, or mechanic's lien may create the same by filing his lien claim as provided by law, within four months after the completion of the services rendered, or the last item of material furnished.

## 2. Same—Lien for Drilling Oil Well.

Where a drilling company was operating under a contract with a lease-holding company to drill a test well 2,500 feet deep, and that depth was reached on March 5, 1919, and there were several thousand dollars of the compensation unpaid, and the lease-holding company arranged with the drilling company to remain on the lease awaiting a decision as to whether the well should be deepened or abandoned, and under such arrangement the drilling company did remain upon the lease until April 9, 1919. the drilling company would have four months from and after April 9, 1919, within which to file its lien claim: and where the lien claim was filed on August 1, 1919, it was within time to create a lien for such unpaid compensation.

(Syllabus by Shackelford, C.)

·Commissioners' Opinion. Division No. 4.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by B. M. Athey against Kansas Success Oil & Gas Company. a corporation, John Moore, Fred W. Kaths. and O. G. Hinshaw to recover for material furnished in drilling an oil and gas well, and to foreclose a materialman's lien. Logue & Thompson Company, a corporation, was permitted to intervene in the action, and by its petition in intervention sought to have judgment against Kansas Success Oil & Gas Company for $12,481.25, part of which had been merged into a note signed by the said company amounting to $6,534, and for foreclosure of laborer's. materialman's, and mechanic's lien. C. M. Williams was also made a party defendant and sought to resist the claim of lien asserted by Logue & Thompson Company, and he, together with O. G. Hinshaw, asserted ownership to the property on which the lien was claimed. By amended pleadings Logue & Thompson Company sought judgment against C. M. Williams and O. G. Hinshaw for all of such money sought to be recovered not included in the note. Judgment was entered in the case for the plaintiff, B. M. Athey, and the same has been satisfied as appears from the brief of plaintiff in error.

A journal entry of judgment was entered to the following effect, to wit: For Logue & Thompson Company against Kansas Success Oil & Gas Company for $7,100.28, the amount of the note referred to; but a lien upon the property described in the intervening petition was denied; and judgment was in favor of Logue & Thompson Company adjudging them to have a lien upon the property described for such sums as may be unpaid on the open account portion of the claim; but no finding was made as to the amount thereof.

The interveners, Logue & Thompson Company, prosecute this appeal as against C. M. Williams and O. G. Hinshaw. Reversed and remanded, with directions.

Rittenhouse & Rittenhouse. Curran & Kruse. and Horner, Steele & Boatman, for plaintiff in error.

McKeever & Moore, for defendants in error.

Opinion by SHACKELFORD, C. This action was commenced in the district court of Garfield county by one B. M. Athey against Kansas Success Oil & Gas Company, a corporation, John Moore, Fred W. Kaths, and O. G. Hinshaw to recover a judgment of foreclosure of materialman's lien upon certain property of the defendants or some of them, for the sum of something over $500. Logue & Thompson Company, a corporation, plaintiff in error here, was permitted to intervene in the action, and by its petition in intervention it sought to recover the sum of $6,534, evidenced by a note given by the Kansas Success Oil & Gas Company. and $5,947.25 on open account; and asked that the same be decreed to be a lien upon a certain leasehold and personal property described in the petition and referred to in their lien statement as the property of the Kansas Success Oil & Gas Company, and C. M. Williams, and O. G. Hinshaw; and sought foreclosure of the lien upon such property. One C. M. Williams was also permitted to become an intervener, and he and O. H. Hinshaw, one of the original defendants, joined forces to resist the claim of Logue & Thompson Company, both as to the amount thereof and the claim of a lien. The defendant John Moore filed answer and cross-petition by which he sought to recover the sum of $400. There seems to have been a judgment entered for both plaintiff, B. M. Athey, and also for John Moore, one of the defendants, and these judgments seem to have been taken care of. and with them we are not concerned in this appeal.

As between Logue & Thompson Company, interveners on one side, and C. M. Williams and O. G. Hinshaw on the other side, the cause was submitted to the court and findings and judgment entered which are in effect as follows: That the Kansas Success Oil & Gas Company is indebted to Logue & Thompson Company upon a prom-

issory note signed by said company amounting to $7,100.28; but also found that the said intervener was not entitled to a lien upon the property described in its petition. The court further found that Logue & Thompson Company is entitled to a lien upon the property described in its petition for such sum as may be owing upon the open account upon which the case was in part based; but did not reach a final conclusion as to the amount of such open account. The judgment was entered in accordance with the findings. Logue & Thompson. Company was given judgment against Kansas Success Oil & Gas Company for the sum of $7,100.28, owing upon the promissory note and the lien claim was denied. Judgment was given fixing its lien upon the property described in the petition of interveners for such sum as might thereafter be found to be owing upon the open account.

Logue & Thompson Company prosecutes appeal from this judgment. The sole and only question in this appeal demanding attention here is with reference to that part of the judgment denying Logue & Thompson Company a lien upon the property described for the sum of $7,100.28, which the court found was due and owing by the Kansas Success Oil & Gas Company upon its promissory note. To decide whether the court was right or wrong in the conclusion reached, that Logue & Thompson Company was not entitled to a lien upon the property de scribed. it will be necessary for this court to carefully scrutinize the record and the evidence submitted.

It appears that on the 8th of June, 1918 Logue, Thompson, and Hulme, who afterwards incorporated as the Logue & Thompson Company, entered into a contract with the Kansas Success Oil & Gas Company, a corporation, to drill a test well on a certain oil and gas lease belonging. to the Kansas Success Oil & Gas Company to 2,500 feet. The property described in the petition was furnished by the Kansas Success Oil & Gas Company. The drilling rig was furnished by Logue & Thompson Company. The compensation agreed upon was $5 per foot, to be paid upon completion of each 500 feet, and certain compensation was to be paid for underreaming and for delay. The president of the Kansas Success Oil & Gas Company, a Mr. Lowe, stayed upon the lease during the drilling of the 2,500 feet test. The 2,500 foot level was reached on the 5th of March, 1919. At that time considerable money was unpaid on the compensation agreed on in the contract. Mr. Lowe, the president of the lease-holding company, was then asked what was to be fur-

ther done. At that depth the hole was dry and it was a question as to whether the hole should be deepened or should be plugged and the casing pulled. It appears from the evidence of Logue & Thompson Company that Mr. Lowe wanted them to remain on the lease while he should go to Kansas and have a conference with other officers and stockholders of his company to determine what should be done. After several days Mr. Thompson went to Hutchinson, Kan.. and had a conference with Lowe, Kaths. Williams. and Hinshaw, officers, directors, and stockholders of the Kansas Success Oil & Gas Company, with reference to what was to be done further about the test well. An understanding was there reached to drill the well 300 feet deeper. Then the question came up for discussion about what was to be done with reference to the unpaid money owing by the Kansas Success Oil & Gas Company to Logue & Thompson Company, and settlement was had and a note was made to cover the amount. The note seems to have been dated May 10. 1919, and is for the sum of $6,534 and included all amounts owing by Kansas Success Oil & Gas Company to Logue & Thompson Company to April 9, 1919, and was made due and payable on the 8th day of June, 1919. This note was settlement up to the date work was renewed under the new arrangement. On or about the 9th of April, 1919, a new understanding was entered into by which it was agreed that Logue & Thompson Company should deepen the well 300 feet if not sooner stopped, and the compensation was changed from $5 per foot and underreaming and delay money to $100 per day. A dispute has arisen between the parties as to whether this was an entirely new contract, or whether it was an extension of the old contract with different compensation. However, the view we take of this case, it is not necessary for us to decide who is correct upon that proposition. Mr. Thompson returned to the lease and began operations to deepen the well about April 9, 1919, and continued operations · under the new compensation agreement until June 30, 1919, at which time it is claimed by Logue & Thompson Company the sum of $5,947.25 was due them for work under the new agreement. The evidence offered upon the part of Logue & Thompson Company tends to prove that at least Mr. Thompson thought that in making the extension agreement he was still dealing with the Kansas Success Oil & Gas Company; but that Mr. Williams and Mr. Hinshaw were standing surety for payment upon the deepening of the well. That there was no apparent change of ownership of the prop-

erty, and that the same man, Mr. Lowe, was on the lease to watch the progress of the drilling, or had been there during the drilling of the original 2,500 feet; that he was never advised of any change of ownership and knew of none. That neither the note nor the open account was taken up and paid, and was still owing on August 1, 1919, and Logue & Thompson Company filed with the court clerk their claim of lien upon the leasehold and all property there furnished for drilling the well. The claim was filed for the full amount of the note and unpaid open account; and was made as against Kansas Success Oil & Gas Company, C. M. Williams, and O. G. Hinshaw, who, it is alleged, are reputed owners of the property on which the lien is claimed. This lien is claimed upon the leasehold in the W. ½ of N. W. ¼ of N. E. ¼, sec. 33, twp. 24 N., rge. 3 W., and on all buildings, appurtenances, materials, and supplies, and oil and gas well fixtures.

It is contended that Logue & Thompson Company was not entitled to a lien upon the property described to secure the payment of the note for $6,534, because the drillers reached the 2,500 foot depth and shut down on March 5, 1919, and the lien claim was not filed until August 1, 1919, and was not within four months following the completion of the 2,500 feet. It was evidently upon this theory that the trial court denied Logue & Thompson Company a lien upon the property for the amount found to be owing by the Kansas Success Oil & Gas Company.

We think, as a matter of law, the position taken by C. M. Williams and O. G. Hinshaw, on which the judgment was rendered, cannot be maintained. The facts upon which our conclusion is reached are in no wise in dispute. There is no dispute that the test well reached the 2,500 foot level on the 5th of March, 1919, nor is it in dispute that Mr. Lowe, president of the Kansas Success Oil & Gas Company and who remained on the lease during the time the drilling was being done, when the limit of the depth fixed by the contract was reached, arranged with Logue & Thompson Company to remain upon the lease until it could be determined whether they would have the casing pulled or deepen the well. That under this arrangement Logue & Thompson Company remained there with their full equipment until on or about April 9, 1919, when drilling was resumed under the new arrangement. There is contention about whether any part of the amount in the note was for this delay time, but whether there was or not, we think that when Logue & Thompson Company remained upon the lease from March

5, 1919, until April 9, 1919, under an arrangement with the managing officer of the Kansas Success Oil & Gas Company, ready to serve by either pulling the casing and plugging the hole, or by drilling deeper, as might be required to be done, and in view of the fact that service was rendered by it in deepening the well, that remaining there was such service for the Kansas Success Oil & Gas Company, through the period from March 5, 1919, until April 9, 1919, as would require that the four months for filing the lien be counted from April 9, 1919, instead of from March 5, 1919. This would have given Logue & Thompson Company until August 9, 1919, to file their lien, even if the work done after April 9, 1919, could not be treated as extending the time.

We conclude that the trial court erred in denying Logue & Thompson Company, plaintiff in error here, a lien upon the property described in its intervening petition for the amount of the note given it in settlement by the Kansas Success Oil & Gas Company.

If appears from the record and briefs on file that during the progress of this litigation a receiver was appointed and took charge of the property described in the intervener's petition, and the same was sold under orders of court, and that the sum of $17,000 has been retained by the receiver to take care of whatever judgment might finally be rendered in this case fixing liens, if any, in favor of Logue & Thompson Company. And that at the time of trial C. M. Williams and O. G. Hinshaw were the sole owners, subject to whatever liens might be decreed by the court in favor of Logue & Thompson Company to secure the payment of the indebtedness claimed to be due it.

We have examined all the propositions presented by this record, and the briefs and contentions made by the parties, but have concluded that the only question, as hereinbefore stated, is all that is here presented requiring a decision. The trial court properly held that Logue & Thompson Company has a lien upon the property described for what remains unpaid of the earnings of Logue & Thompson Company in drilling the additional 300 feet. This amount was not determined by the court below, and we will not undertake to determine the same from the record we have before us.

We recommend that the judgment of the trial court be reversed in so far as it denies Logue & Thompson Company a lien upon the property described for the amount of the Kansas Success Oil & Gas Company note, and remanded with directions to enter a judgment for Logue & Thompson Company

decreeing a lien in its favor for the amount of said note, and to proceed to a final determination of the amount, if any, due plaintiff in error for drilling the extension of 300 feet, and also with the direction to the trial court that when the full amount of indebtedness be determined, it enter an order directing the receiver to pay the same out of the $17,000 now held by him.

By the Court: It is so ordered.