## OIL WELL SUPPLY CO. v. FARMERS NATIONAL BANK.

No. 15344—Opinion Filed Sept. 15, 1925.

**1. Oil and Gas—Materialman's Lien on Leasehold or Pipe Line—Necessity for Contract with Owner—Statutes.**

The provisions of section 7464, C. S. 1921, with respect to a lien for material furnished to repair, alter, or improve an oil and gas well drilling rig, are not applicable, unless the contract under which the material was furnished was made with the owner of a leasehold or the owner of a gas pipe line or oil pipe line, in connection with which the oil and gas well rig is used.

**2. Same—Lien Where Contract Only with Owner of Drilling Rig.**

A party furnishing material to repair, alter or improve an oil and gas well drilling rig, under a contract with the owner of such rig, who is not the owner of a leasehold or of a gas pipe line or oil pipe line in connection with which the rig is being used, when such material is furnished, has a lien for the value of the material furnished, under section 7454, C. S. 1921.

**3. Same—Priority of Lien Over Mortgage.**

Where the materialman files his lien statement in the office of the county clerk within 60 days after last furnishing of the material, his lien, provided for by section 7454, C. S. 1921, is superior to that of a mortgagee, who takes his mortgage subsequent to the furnishing of the first material, notwithstanding the fact that the mortgagee had no notice, actual or constructive, o: the furnishing of material.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by the Farmers National Bank of Chickasha, Okla., against Oil Well Supply Company et al. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Wilkinson & Saye, for plaintiff in error.

Bailey & Hammerly, for defendant in error.

Opinion by JARMAN, C. This action was commenced on August 24, 1922, and the petition of the plaintiff, Farmers National Bank of Chickasha, alleges that on or about April 17, 1922, the defendant J. T. Chelf Oil Company executed to the plaintiff a chattel mortgage on certain oil well machinery to secure a promissory note for $8,735.25; that the mortgage was filed for record in the office of the county clerk of Stephens county on April 20, 1922; that on June 2, 1922, a renewal note and mortgage were executed for said indebtedness and the renewal mortgage was filed for record on June 6, 1922; that on July 1, 1922, the Farmers State Bank was converted into the Farmers National Bank, which succeeded to all of the right, title and interest of the Farmers State Bank to the renewal note and mortgage; that said renewal note matured and became due and payable July 17, 1922; that the defendant neglected and failed to pay the same and by reason thereof the plaintiff is entitled to the possesion of the property in question covered by said chattel mortgage.

On August 26, 1922, two days after this action was begun, the Oil Well Supply Company, appearing here as plaintiff in error, filed a lien statement in the office of the county clerk of Stephens county, showing that the defendant J. T. Chelf Oil Company was indebted to it for material, supplies, etc., used in the altering and repairing of an oil and gas well drilling rig, known as the rotary type, in the sum of $650.08, and on August 31, 1922, by permission of the court, the said Oil Well Supply Company filed an interplea, in which it was alleged:

"That the interpleader is engaged in selling supplies for things connected with the drilling of oil and gas wells and that defendant herein is the owner of the oil and gas well drilling rig known as the rotary type. That from the 10th day of November, 1921, until the 12th day of July, 1922, interpleader furnished to defendants supplies used in the altering, repairing and maintenance and improvement of the said rotary rig. That the total amount of supplies and material so furnished is $652.08. That on the 26th day of August, 1922, and within 60 days from the date that the last material was furnished, interpleader filed a verified statement under oath, with the county clerk of Stephens county, Okla., claiming a lien on the said rotary drilling outfit; a true statement of said lien is hereto attached marked "Exhibit A" and made a part of this interplea. That all of said property and material was furnished and used in the altering, repairing, improving and maintenance of said rotary rig. That the lien of this interpleader is a first and prior lien on the said rotary rig."

To this interplea, the plaintiff filed its answer in the form of a general denial. On November 12, 1923, the plaintiff filed a motion for judgment on the pleadings, which was sustained, and judgment was rendered by the trial court in favor of the plaintiff for the possession of the property covered by the chattel mortgage. From this judgment, the interpleader has appealed.

A copy of the lien statement with an itemized statement of account was attached as an exhibit to said interplea. The itemized account shows that the first material or supplies furnished by the interpleader to the defendant was on November 10, 1921, and the last item of said account was July 12, 1922.

The interpleader contends that under section 7454, Comp. St. 1921, it had a lien on the drilling rig involved herein; said section being as follows: ,

"Any person, firm or corporation, who furnishes labor, money, material or supplies for the production of, altering or repairs of any personal property at the request of the owner of said property, shall have a lien for the value of his money, labor, material or supplies upon said personal property as provided for in section 2 of this act. Lien to date from commencement of furnishing of labor, money, material or supplies."

Section 7455, Comp. St. 1921, provides that any person entitled to a lien under said act shall, within 60 days after last furnishing of labor, material, etc., for the production,

altering or repairing of personal property file a lien statement in the office of the county clerk of the county in which the property is situated; and the pleadings show this was done in the instant case.

The plaintiff, who appears here as defendant in error, contends that section 7454, supra, providing for liens on personal property, is a general statute and that the same is not applicable to the property involved in this action for the reason that section 7464, Comp. St. 1921, is a special statute providing for liens on property of the character of that involved here, and that said special statute is controlling. Said section provides as follows:

"Any person, corporation or copartnership, who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes or the owner of any gas pipe line or oil pipe line, or with the trustee or agent or such owner perform labor or furnish material, machinery and oil well supplies used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well, or who shall furnish any oil or gas well supplies, or perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing or repairing of any gas well, shall have a lien upon the whole of such leasehold or oil pipe line, or gas pipe line, or lease for oil and gas purposes, the buildings and appurtenances, and upon the material and supplies so furnished and upon the oil or gas well for which they were furnished, and upon all the other oil or gas wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. * * *"

Said section is not applicable here for the reason that the material was not furnished under a contract with the owner of a leasehold or the owner of a gas pipe line or oil pipe line as provided therein. There is nothing in the pleadings to indicate that the defendant was even interested in a leasehold or in a gas pipe line or oil pipe line, but, on the contrary, the allegations of the interplea show the defendant merely owned a rotary drilling rig. This question is governed and controlled by section 7454, supra, and, since the lien was preserved by filing the lien statement in the office of the county clerk within 60 days after the last furnishing of material for the repairing of the rotary drilling rig, personal property, the interpleader had a lien for such material furnished.

The plaintiff next contends that, if the interpleader has a lien for material furnished to the defendant, the same would not be superior to the lien of the plaintiff, who is an innocent third party. The plaintiff calls attention to the fact that the lien statement was not filed for record until after this action was brought, and that the plaintiff had no notice or knowledge of any claim of the interpleader to a lien for materials furnished at the time the plaintiff took a mortgage on the property in question. The law relating to liens of materialmen is purely a creature of the statute and we must look to the provisions of the statute to determine the operation and extent of such laws. Basham v. Goodholm & Sparrow Inv. Co., 52 Okla. 536, 152 Pac. 416. Section 7455, supra, provides for the filing of lien statements in the office of the county clerk within 60 days after the last furnishing of the materials, and it is further provided that unless such statement is filed within that time the lien shall be deemed to have been waived, and said section provides further that the lien shall not attach to any personal property after it has been purchased by an innocent purchaser for value and has passed into his possession, unless the lien shall have been filed with the county clerk before the property was purchased or unless the purchaser shall have received notice from the party entitled to the lien of his intention to file the same. It cannot be contended that the plaintiff was an innocent purchaser of said property. Section 7456, Comp. St. 1921, provides that the lien shall be subject to prior mortgage liens. Of course, this means that the materialman's lien would not be superior to a mortgage lien on the property, existing at the time materials were furnished by the materialman for the repairing, etc., of such property. The entire lien statute contemplates that the person furnishing material for the repairing or improving of personal property is entitled to be protected to the extent of the value of the materials furnished so long as the enforcing of the lien does not affect the rights of those who had a lien on the property prior to the furnishing of the material. Under the allegations of the interplea, the interpleader perfected and preserved its lien by filing the same within the 60 day period and said lien dates back to the time of the furnishing of the first material.

The plaintiff contends that each of the items making up the account and forming the basis of the lien statement is a separate transaction, which required the filing of a lien statement within 60 days after the furnishing of the material as set forth in each item. The plaintiff makes this conten-

tion on the theory that the several items were not furnished by the interpleader for the purpose of doing one job of altering, repairing, maintaining or improving of the rotary rig, but that said items are wholly unrelated and each item is for a separate and distinct repair job. The question urged in this connection is not before the court at this time, for the pleadings show that these several items are for material furnished in the altering, repairing, maintaining and improving of the rotary rig and there is nothing to indicate that these several items were not related and used for the purpose of one complete job of altering, repairing, maintaining and improving said rig.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 772. (2) 27 Cyc. p. 772. (3) 11 C. J. 654, § 397 (Ann)