## W. T. RAWLEIGH CO. v. COOK et al.

No. 18176. Opinion Filed Sept. 13, 1927.

Opinion Withdrawn Oct. 4, 1927. Ordered Refiled Nov. 1, 1927.

(Syllabus.)

**Appeal and Error—Reversal—Failure to File Answer Brief.**

The syllabus in the case of City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481, is hereby adopted as the syllabus in this cause.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by the W. T. Rawleigh Company against Alva Cook et al. Judgment for defendants, and plaintiff appeals. Reversed and remanded, with directions.

Henry L. Burris, for defendants in error.

Henry L. Burris, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Mayes county. The plaintiff in error was plaintiff below.

Plaintiff in error in due time served and filed its briefs in full compliance with the rules of this court, but the defendants in error has wholly failed to file any brief or otherwise appear in this court, nor have they offered any excuse for their failure to do so.

"Where the plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481; Chicago, R. I. & P. Ry. Co. v. Weaver, 87 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167.

In this case the petition in error prays that the order of the court sustaining the motion for new trial be set aside and held for naught and that the judgment heretofore rendered in favor of the plaintiff in error be sustained and held valid and binding and we find that the authorities cited by the plaintiff in error in its briefs reasonably support the contention of the plaintiff in error.

It is therefore ordered that the judgment of the trial court be reversed, set aside and held for naught and that said cause be remanded with directions that the order of the trial court granting a new trial be set aside and held for naught and that judgment be rendered for the plaintiff in error and against the defendant in error for the amount sued for in the trial court.