**FOX RIG CO. et al. v. BELL et al.**

No. 17471.    Opinion Filed Jan. 10, 1928.

(Syllabus.)

1. **Mechanics' Liens—Time for Filing Lien —Separate Furnishings of Material Constituting Single Account.**

Where material and supplies are fur-

nished to be used for the same general purpose, as for the drilling of an oil well, though such material and supplies be ordered at different times, yet, if the separate items form an entire whole, and are so connected as to show that the parties regarded the separate items furnished at different times as being a part of the entire account and not constituting separate accounts, the furnishing of said material and supplies in this manner will be considered a single contract, and a lien filed within the statutory period, after furnishing of the last item, will relate back to the first purchase and cover all material and supplies furnished. Mid-Continent Pipe & Supply Co. v. Central Torpedo Co., 127 Okla. 273, 260 Pac. 753.

2. **Same—Proceeds of Sale of Property Insufficient to Satisfy All Liens—Proration.**

Where the proceeds of the sale of property upon which liens have attached, under the provisions of section 7484, C O. S. 1921, for material furnished, are insufficient to pay all the claimants, the court shall order them to be paid in proportion to the amount due each. Republic Sup. Co. v. Powell, 71 Okla. 105. 175 Pac. 519.

3. **Appeal and Error—Review—Sufficiency of Evidence in Equity Case.**

The judgment of the trial court in an equity proceeding will not be set aside on appeal, unless said judgment is clearly against the weight of the evidence.

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Fox Rig Company against Claude Bell et al. From a judgment in favor of defendant Continental Supply Company on cross-petition, plaintiff and defendant Hudson-Houston Lumber Company appeal. Affirmed.

Dolman & Dyer, for plaintiffs in error.

Cruce & Potter, for defendant in error.

HERR, C. This is an action by the Fox Rig Company against Claude Bell, Hudson-Houston Lumber Company, Continental Supply Company, and others, to foreclose a materialman's lien. It appears from the evidence that the defendant Claude Bell is the owner of an oil and gas lease in section 31, twp. 2 S., range 2 west, Carter county, Okla  In December, 1922, he started drilling thereon. The plaintiff furnished material to the amount of $2,500 for the purpose of building a rig, and the defendant Hudson-Houston Lumber Company furnished material in the sum of $306.70 for the purpose of erecting buildings on said lease.

Liens were filed by these parties, respectively, within the statutory period. There is no controversy as to these liens.

Controversy arises out of the lien claimed by the defendant Continental Supply Company, the said defendant having filed a lien for the sum of $32,397.74 for material, supplies, machinery and equipment claimed to have been furnished by it between the dates of April 4, 1923, and September 8, 1924, for drilling a well on said lease. The lien was filed October 23, 1924.

The evidence discloses that the defendant Bell, some time in December, 1922, entered into an agreement with the defendant supply company, whereby it was agreed that the said supply company would furnish the said defendant Bell with machinery, material, and supplies from time to time as needed for the purpose of drilling a well on said lease.

The said defendant supply company claims, and we think it is established by the evidence that it furnished material and supplies for the drilling of said well in the sum of $16,324.67.

The evidence further discloses that a well was brought in on said lease sometime during the month of March, 1923, and was placed on the pump. In the month of May, 1923, the defendant Bell concluded to deepen said well, and defendant supply company agreed to continue furnishing material and supplies therefor, the evidence disclosing that items furnished subsequent to said date amounted to $8,534.07.

On May 25, 1923, defendant Bell executed a note and mortgage to the said defendant supply company in the sum of $30,658.-20, the mortgage covering the leasehold interests of the defendant Bell in question herein. There was included in this note and mortgage, the sum of $7,790.55 for material and supplies furnished for the drilling of the well on the lease in question, the other items included in said mortgage being for material and supplies furnished by the said supply company from its office at Mexia, Tex., and Duncan, Okla., for drilling on leases located in these localities.

It is established by the evidence that it was agreed between defendant Bell and the supply company, at the time of the execution and the delivery of the note and mortgage above mentioned, that the account between the said Bell and the supply company was to continue, and that the said supply company would continue to furnish

material and supplies on open account as before until said well was completed.

Under the testimony, this note and mortgage were not given in payment, settlement or adjustment of the account, but merely as additional security.

We think the evidence establishes that the account between Bell and the supply company constituted a continuous open and running account from its inception to its close, and constituted, therefore, under prior holdings of this court, a single contract.

The defendant supply company, as before stated, claimed a lien in the sum of $32,397.74. The court found that it furnished supplies and material for the development of this particular lease in the sum of $16,324.67, and that of this amount $7,790.55 was included in the note and mortgage above set forth, and decreed a lien in favor of the said supply company in the sum of $8,534.12, and also decreed said lien to be of equal rank with the liens of plaintiff and defendant Hudson-Houston Lumber Company; and further decreed each and all of the said liens superior to the mortgage of the supply company. To reverse this decree, the plaintiff, Fox Rig Company, and the defendant, Hudson-Houston Lumber Company appeal.

It is contended by appellants that the lien of the supply company cannot be sustained, for the reason that each item purchased by Bell from said company constituted a separate and independent contract, and that said supply company was, therefore, entitled to a lien for only such items of material as were furnished within four months prior to the filing of said lien, and that the said supply company would, therefore, be entitled to a lien in the sum of only $1,000; and it is further contended that such lien should be held inferior to their liens.

The argument is advanced that the evidence fails to establish that there was a definite contract entered into between defendant Bell and the supply company to furnish a specific amount of material and supplies; nor was there a definite price fixed; that there was no obligation on the part of the supply company to furnish any material or supplies unless it so desired, and that under such circumstances the furnishing of the various items at different times, under agreement to furnish the said material on open account as needed in the drilling of the well, does not constitute in law a single contract.

This court has, however, held otherwise in the following cases: Joplin Sash & Door Works v. Oklahoma Presbyterian College for Girls, 36 Okla. 547, 129 Pac. 40; Sherbondy v. Tulsa Boiler & Machine Co., 99 Okla. 214, 226 Pac. 564; Mid-Continent Pipe & Supply Co. v. Central Torpedo Co., 127 Okla. 273, 260 Pac. 753.

Under these authorities, the trial court correctly held that by filing the lien within four months after having furnished the last material, the lien of the supply company related back to the first purchase and covered all material furnished.

The court ruled correctly, also, in decreeing the lien of the supply company of equal rank with the liens of plaintiff and defendant Hudson-Houston Lumber Company. Republic Sup. Co. v. Powell, 71 Okla. 105, 175 Pac. 519.

It is contended by appellants that the evidence fails to establish that the material and supplies, for which a lien was allowed said supply company, were furnished and used by said defendant Bell in drilling the well on the lease in question. It is true that the supply company was not able to positively identify each and every item as being used on this particular lease, but the evidence is that a large portion of the material was actually identified as being on the lease, and the evidence further establishes that all material and supplies for which this lien was allowed, were, in fact, sold and delivered to the defendant Bell with the understanding that the same were to be used in the drilling of said well.

At the trial of the case, it was conceded by the supply company that a portion of the material included in the lien statement as originally filed was furnished to defendant Bell for the development of leases in other localities. At the trial, the items in this lien statement were checked by a representative of the plaintiff and a representative of the supply company, and the testimony is to the effect that all doubtful items included in the statement were discarded and the lien claim thus reduced to the sum of $16,324.67. The court, however, allowed the lien only in the sum of $8,534.12, the court being of the opinion that the said supply company waived its lien as to the sum of $7,790.55 for the reason that the same was included in the mortgage given by Bell to the said supply company, as above mentioned.

There was offered no testimony tending to show that any of the material and supplies for which the lien was allowed, were not, in fact, used in connection with the

drilling of the well on this lease. We think the decree is amply supported by the evidence.

The supply company is not complaining of the holding of the court that it waived its lien as to that portion of its claim for which it took a mortgage, and we do not, therefore, pass on this proposition.

No complaint is made as to other matters disposed of by the decree, and the same will, therefore, not be discussed.

Under the record, if error was committed, it is in favor of appellants.

Judgment should be affirmed.

BENNETT, DIFFENDAFFER, HALL, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 198, §236; 18 R. C. L. p. 931; 4 R. C. L. Supp. p. 1225; 5 R. C. L. Supp. p. 1013. (2) 40 C. J. p. 282, §354. (3) 4 C. J. p. 900, §2869; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.