## CONTINENTAL SUPPLY CO. v. GEO. H. GREENAN CO.

No. 18178. Opinion Filed Sept. 11, 1928.

Rehearing Denied Dec. 10, 1929.

Bryan, Williams & Cave, Cline & Cline, and R. W. Kellough, for plaintiff in error.

Sam K. Sullivan, Neal A. Sullivan, R. J. Shive, and P. H. Moroney, for defendant in error.

FOSTER, C. This is an action by George H. Greenan Company to foreclose a mechanic's lien against an oil pipe line, a right of way and a pump station, said pipe line and right of way running across Kay county, Oklahoma.

Greenan sought to recover a judgment for $24,408 against the Moore Refining Company under two written and one oral contract, one written contract executed January 8, 1924, and the other March 4, 1924.

The contract of January 8, 1924, provided for a 4-inch pipe line from the Oklahoma-Kansas line in a southeasterly direction across Kay county and into Osage county for the sum of 15 cents per lineal foot; and the contract of March 4th provided for a 3-inch line from a pump station located about one mile from the Osage and Kay county line. and to extend into Burbank oil field in Osage county for the sum of 13 cents per lineal foot.

The oral contract provided for the laying of a 4-inch line from the Oklahoma-Kansas line to a refinery located in Arkansas City, which the Moore Refining Company was operating under a lease.

The labor performed for laying the pipe lines under the provisions of the contract, as above set out, was listed in the statement attached to the mechanic's lien sued upon herein in the following manner: (1) For work done on 129,772 feet of 4-inch line at 15 cents per foot; (2) for work done on 28,-335 feet of 3-inch line at 13 cents per foot; (3) for work done on 15,000 feet of 4-inch line at 13 cents per foot. In addition to these items, there was also the following: (4) For painting 20 miles of 4-inch line at $52.80 per mile: and (5) extras, repairing leaks, hold up for right of way.

The five items, as above set out, made the only itemized list attached to Greenan's lien statement on which suit is brought in this case. The lien statement, which was in the total sum of $26,746, showed a credit of $2,338, which was the balance of a $3,000 payment made by Moore Refining Company after deducting $663, which was due to George H. Greenan personally for work previously done.

The Continental Supply Company, in its answer and cross-petition, after denying that Greenan had any lien on the property and denying that Moore Refining Company owned the pipe line, alleged that there was paid to Greenan the sum of $10,000 not shown in the lien statement, and also denying the right to apply the $663 as above set out.

The Continental Supply Company asked for and obtained a judgment against the Moore Transportation Company in the sum of $127,000, which was due for the sale of the pipe laid by Greenan Company along the said right of way, and obtained a foreclosure of a mortgage executed by the Moore Transportation Company in said sum, which mortgage was given for the purchase price of the pipe and was filed for record on August 1, 1924, it being filed as a chattel mortgage, although the Continental Supply Company attempted to file it as a real estate mortgage also but was refused by the county clerk.

The amount due to Greenan Company was entirely for labor, it being agreed under the terms of the contracts that the Moore Refining Company was to furnish all the pipe. The pipe was purchased from the Continental Supply Company and sold to Moore and Perry, as trustees for Moore Transportation Company.

It appears that when the Moore Refining Company made application to purchase the pipe, the Continental Supply Company refused to extend the credit, and there was an agreement that a new company should be formed, known as the Moore Transportation Company, to which the right of way should be assigned and by which the title to the right of way and pipe line should be held. This company was organized without the knowledge of Greenan Company. The title to the right of way was never transferred, but was held by the Moore Refining Company. Greenan did not know of the organization of this company, nor of the arrangements between the Continental Supply Company and Moore and Perry, who were the managing officers of both companies, until long after its labor was performed.

The contracts under which Greenan's work was performed provided that the line should be tested, and that any leaks occasioned by poor material should be repaired at the expense of Moore Refining Company.

The $10,000 item mentioned above was paid on or about March 16, 1924, but no credit was given for this check until the day

of the trial of this case, some two and a half years later. At the time Greenan Company received this $10,000 payment, the Moore Refining Company was indebted to it in a like sum for the construction of a pipe line to the Burbank oil field, which was completed before entering into the contracts here involved. The Moore Refining Company had given its note to Greenan, and Greenan had assigned it to Exchange National Bank at Tulsa, but had endorsed same and was still liable thereon. Greenan held the $10,000, intending to apply it on this note, if Moore Refining Company did not pay the same. This note was paid after the filing of the lien in this case, and on the day of trial the court permitted Greenan to apply the $10,000 on amounts due for work performed in Kansas and Osage counties, Okla., as shown by the lien statement, leaving all the balance due for work performed in Kay county. There was a dispute as to when the work was completed, but the court found that the work was completed on or about April 10, 1924, and the lien in this case was filed on July 19th.

A judgment was entered in favor of Greenan Company for the sum of $14,408.06 (the amount sued for less the $10,000 credit), together with an attorney's fee of $2,000 and a foreclosure of the lien on the right of way and pipe line laid across Kay county as above described, and also on the pump station located in Kay county.

The court also granted judgment for the Continental Supply Company against the Moore Transportation Company for the full amount sued for, and a foreclosure of its mortgage against the pipe line above described, but held that the lien of Greenan was superior to the mortgage in favor of the Continental Supply Company.

The defendants, Moore Transportation Company, Moore Refining Company, E. H. Perry and George N. Moore, do not deny any of the amounts claimed by either party. The appeal in this case is taken from the judgment in favor of Greenan Company against Moore Refining Company, and for a foreclosure of its lien and the order declaring it to be a superior lien to that of the Continental Supply Company. No appeal was taken from the judgment in favor of the Continental Supply Company.

The principal question presented in this appeal is whether or not the lien, if any, of Greenan Company is superior to that of the Continental Supply Company. There are many assignments of error alleged by the Continental Supply Company, but we believe they may be condensed into the following propositions:

(1) That according to the evidence in this case, the lien was not filed within time.

(2) That the lien in this case covered three different contracts, two of which were written and one oral, and under the law of the state of Oklahoma, one lien cannot cover more than one contract.

(3) That the lien in this case being claimed under section 7461, C. O. S. 1921, as amended by the 1923 statutes, Greenan cannot maintain the action for the reason that said section does not in any way cover the oil industry, because the Legislature of Oklahoma has enacted another statute, the same being section 7464, C. O. S. 1921, for the purpose of covering lien claims where the oil business is involved.

(4) That the lien statement contains unlienable items.

(5) That the work for which a lien is claimed by the terms of the lien statement, was performed in two states (Kansas and Oklahoma) and in three counties (Cowley county, Kan., and Kay and Osage counties, Okla.).

(6) That Greenan was amply protected by the provisions of sections 7454 and 7468, C. O. S. 1921, if he had complied with the terms of said sections, which in this case he did not do.

(7) That the pipe line in this case is personal property, and did not become a part of the real estate by being laid along the right of way.

(8) That the pipe line is a common carrier, and there is no provision in our law for a lien upon common carriers except railroads.

Greenan Company will be referred to as plaintiff, and the Continental Supply Company as defendant.

It is contended that by the testimony of Greenan himself, the work was completed on March 9th, or 10th, and therefore the lien would not have been filed for more than four months after the last work was performed. Plaintiff contends that this is a question of fact for a jury, or a court when a jury is waived, while defendant says it is a question of fact for a court of equity. Assuming, without deciding, that the defendant's contention is correct, we have carefully examined the testimony, and while George Greenan, president of the plaintiff company, did testify that the work was completed on March 9th or 10th, he afterwards explained this statement and introduced certain exhibits tending to show that the work was not actually completed on this line until along about the 10th of April.

Other witnesses testified to almost the same state of facts.

The line had to be tested before it was to be accepted under the contract. The time for filing a lien would not commence to run until the line was tested and necessary repairs made as required by the contract.

We cannot say from an examination of the entire record that the finding of the trial court that this lien was filed within four months from the date on which the last work was performed, is clearly against the weight of the testimony.

The contention of the defendant, that the charge for hauling the pipe in this case is not a lienable item, 'seems to us to have been answered against the defendant's contention in the following cases: Osage Oil & Refg. Co. v. Gormley, 123 Okla. 186, 252 Pac. 37; Cleveland v. Hightower, 108 Okla. 85, 234 Pac. 614.

It is also contended that the allowing of $10.500 for painting the pipe line, which was not included in the contract of January 8th, but was under a separate agreement and was included in the lien statement, although it was not alleged in the petition, was error. This was a part of the same undertaking, and, although done under a different contract, was lienable, and being made a part of the lien statement, we believe the court correctly included it within its judgment.

The next proposition is whether or not the plaintiff in this case has a lien under section 7461, C. O. S. 1921, as amended by the Session Laws of 1923, said section being as follows:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement or structure thereon or perform labor in putting up any fixtures, machinery in, or attachment to, any such building, structure or improvements; or who shall plant any tree, vines, plants or hedge in or upon such land; or who shall build, alter, repair or furnish labor or material for buildings, altering, or repairing any fence or footwalk in or upon said land, or any sidewalk in any street abutting such land, shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. If the title to the land is not in the person with whom such contract was made, the lien shall be allowed on the buildings and improvements on such land separately from the real estate. Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings or improvements or either of them subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery, the planting of such trees, vines, plants or hedges, the building of such fence, footwalk or sidewalks, or the making of any such repairs or improvements; and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found, and compliance with the provisions of this article shall constitute constructive notice of the claimant's lien to all purchasers and incumbrancers of said property, or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

The above section has been amended three times in the territory and state of Oklahoma, but we do not believe the amendments are of any importance for a proper determination of this case. The section existed at the time of entering into this contract as above quoted, and the chief question presented in this case is whether or not the plaintiff could have a lien under said section.

The defendant contends that it was the original intention of the plaintiff to claim under section 7464, C. O. S. 1921, which section, in substance, provides for a lien upon oil and gas leases or pipe lines for work performed or material furnished in digging, drilling, operating or repairing an oil and gas well, or constructing any machinery, fixtures or appurtenances used in connection with an oil and gas lease.

This last section referred to was under consideration by the court in the case of McEwen Mfg. Co. v. Anadarko Producer's Oil Co., 115 Okla. 127, 241 Pac. 493, and in that case it was held that a gas pipe line for the purpose of transporting gas for domestic or commercial uses in the city of Anadarko, was not such an improvement as is contemplated by section 7464, supra, because that section provides for the improvements on oil and gas leases.

However, at the time of trial in the court below, the plaintiff announced that it was claiming under section 7461, supra, and we will therefore determine whether it had a lien under said section.

Mechanics' liens are creatures of the statutes, and a compliance with the statutory requirements is necessary in order to acquire a valid lien. Liens can only be created by agreement or by some fixed rule of law. It is not the function of courts to create them. Section 7407, C. O. S. 1921; Basham v. Goodholm & Sparrow Inv. Co., 52 Okla. 536, 152 Pac. 416; Holland v. Robbins, 92

Okla. 225, 219 Pac. 387; McEwen Mfg. Co. v. Anadarko Producer's Oil Co., supra.

It is contended by the defendant that section 7461 is practically the same statute that existed in Kansas, and that about the time we adoped this statute from Kansas, they held that a lien on an oil and gas lease could not be maintained under this section. Phillips v. Springfield Crude Oil Co. (Kan.) 92 Pac. 1119. For that reason Oklahoma adopted section 7464, specifically for the purpose of covering material furnished and labor performed on an oil and gas lease, or upon pipe lines connected with an oil and gas lease. However, at that time it was held in Kansas that an oil and gas lease created no interest in the real estate. Eastern Ohio Oil Co. v. McEvoy (Kan.) 89 Pac. 1048, but since that time Oklahoma has somewhat departed from this rule. We now hold that an oil and gas lease is more than a right to enter upon and develop for oil, but is an interest in the real estate. Nicholson Corp. v. Ferguson, 114 Okla. 16, 243 Pac. 199.

Whether or not a lien could now be maintained on an oil and gas lease, under section 7461, is a question we need not decide here. The case at bar does not involve an oil and gas lease. Here the interest in the real estate was an easement or right of way on which to lay a pipe line. It is true, that if the pipe line is removed, the interest covered would revert to the original owners. However, we believe that whatever interest the Moore Refining Company had, was a lienable interest under the decisions of our court. Our court has held that a lease is a lienable interest under section 7461 of our statutes. Jarrell v. Block, 19 Okla. 472, 92 Pac. 167; Block v. Pearson, 19 Okla. 422, 91 Pac. 714.

Any right or interest which a party has in real estate is subject to a lien by laborers or materialmen furnishing labor or material for the construction of buildings, improvements, or structures thereon.

The laying of water pipe lines has been held to support a lien under a similar statute. Curtis v. McCarthy (Colorado) 125 Pac. 109; Chamberlin v. City of Lewiston (Idaho) 129 Pac. 1069; Speer Hdwe. Co. v. Bruce Bros. (Ark.) 150 S. W. 403.

In the case at bar, the Moore Refining Company had an easement across this land, and they employed this plaintiff to perform labor in constructing a pipe line along this right of way. The right of way would, of course, be worthless without the construction of the pipe line, and therefore the construction of the pipe line was necessary in order to maintain an interest in the right of way.

We can come to no other conclusion than that this is a proper subject for a lien under section 7461, supra. The interest of the Moore Refining Company in the land comprising the right of way, together with the pipe placed thereon, was subject to a lien for labor performed in laying said line.

It is next contended that there were two written and one oral contract, and that under the decision of this court the same cannot be maintained. It is also contended that there were three separate structures on which the labor was performed.

It is true, according to the testimony, that the written contract entered into January 8th, extended from the Oklahoma line into Osage county and provided for a 4-inch pipe line. The contract of March 4th provided for a 3-inch line from the pump station into Osage county. The court in its finding found that the contract of March 4th was a supplemental contract to that of January 8th. From all the circumstances in the case, we believe that this finding is supported by the evidence. The original contract was for the pipe line into Osage county. After the second contract was entered into, the original contract was limited to the extension of the line to the pump station. While the oral contract provided for the line to be extended from the Oklahoma-Kansas line to Arkansas City, yet, we believe this was a part of the same undertaking, and for the purposes of establishing a lien it would be considered all one structure.

Defendant relies almost entirely upon the case of Exchange Nat. Bank v. Okeya Oil Co., 107 Okla. 62, 229 Pac. 765. That was a case in which a contract was made for the drilling of an oil well upon a lease. After this well was completed, another contract was made for the drilling of another well, and after the completion of that well, a contract for a third, and then a fourth, but in each instance the contract was not made for the drilling of the second well until after the first one was completed. After all four wells were completed, the contractor filed a lien claiming a sum for the drilling of all four wells, and the court held that each contract constituted a separate item for the filing of a lien, and, in order to maintain an action for the foreclosure of a lien, it must appear that a lien was filed within four months after the last work was performed under each contract; that the drilling of each well was a separate and distinct undertaking, and must be separately and distinctly stated and a lien filed for each well; that the tacking on of one contract to another would not delay the time within which a person must file his lien, and also

that the lumping together of the amount due under the terms of each contract would make the entire lien void.

We believe this case is easily distinguishable from the case at bar. True, in the case at bar there were two written and one oral contract, but each contract had for its purpose the completion of one structure, to wit, a pipe line from Arkansas City, Kan., through Kay county, Okla., and into Osage county. It has been held in Oklahoma that, although labor and material may be furnished under separate contracts, if all the contracts are for the purpose of carrying out a single undertaking or completing a single structure, one lien may be filed for the entire amount. Logue & Thompson Co. v. Williams, 98 Okla. 160, 221 Pac. 1033; Joplin Sash & Door Works v. Okla. Presbyterian College, 36 Okla. 547, 129 Pac. 40; Fox Rig Co. v. Bell, 128 Okla. 301, 263 Pac. 119; Wm. M. Graham Oil & Gas Co. v. Oil Well Supply Co., 128 Okla. 201, 264 Pac. 591.

The case at bar differs from the Exchange Nat. Bank v. Okeya Oil Co. Case, supra, in that the work performed under each contract was set out in the account attached to the lien statement, but since we are of the opinion that the building of the entire line was one undertaking, this becomes immaterial. Under the facts in the case at bar, we believe the lien statement was sufficient.

There are no authorities cited by defendant on his contention that the lien is void for the reason that the work was done in two states and three counties. We know of no decision holding any lien void for this reason, and, in the absence of a showing, or of some sound reasoning why a lien should be void because it included work outside the county, we will not set it aside for that reason.

The next contention is that the plaintiff should have established his lien under section 7454, C. O. S. 1921, said section being as follows:

"Any person, firm or corporation who furnishes labor, money, material or supplies for the production of, altering or repairs of any personal property at the request of the owner of said property, shall have a lien for the value of his money, labor, material or supplies upon said personal property as provided for in section 2 of this act. Lien to date from commencement of furnishing of labor, money, material or supplies."

The defendant cites Oil Well Supply Co. v. Farmers Nat. Bank, 112 Okla. 17, 239 Pac. 585, in which case it is held that the above section applies where material is furnished for the construction of a rotary rig where the contract is made with the owner of the rig, who is not the owner of the oil and gas lease on which the rig is located; that under such circumstances, the rig is personal property, and that a lien cannot be maintained under section 7464, supra. If plaintiff is entitled to a lien in this case, it is on the right of way and pump station as well as the pipe line, so the entire lien could not have been maintained under section 7454.

It is next contended that the pipe line in this case is a common carrier, and, since we have no statute providing for liens on common carriers, no lien can be obtained in the case at bar.

No authorities are presented that the pipe line in this case is a common carrier. We do not understand the law to be that a pipe line for the purpose of transporting oil or gas to a refinery for the use of the owner of the refinery only, necessarily becomes a common carrier. There is no showing here that would make the pipe line in this case a common carrier. Pierce Oil Corp. v. Phoenix Refg., 79 Okla. 36, 190 Pac. 863.

The giving of a credit for the checks of $3,000 and $10,000, as set out in the statement of facts, is alleged as error. No instruction was given as to how each of these payments should be applied, so we can see no error therein. There is no contention on the part of Moore Refining Company that full credit was given for all sums paid. The $10,000 was held for a long time before credit was given, but the explanation seems to be plausible, and, certainly, the defendant was not prejudiced thereby. At the time the $10,000 was paid, the work was not completed on the line on which a lien is asked for in this case, according to the finding of the court, and since no instruction was given, plaintiff had a right to apply it wherever it desired. The fact that part of a check for $3,000 was applied to a previous debt due to the president of the plaintiff company personally, is a matter to which this defendant has no right to object.

There is no evidence in the case that there was a willful misstatement of the amount due in the mechanic's lien.

There are other objections in the record, but we believe they are covered by the propositions hereinabove presented. We have examined the entire record and find no reversible error therein.

The findings and judgment of the trial court are therefore in all things affirmed.

BENNETT, LEACH, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.