*266 The opinion of the court was delivered by
Valentine, J.:
This was an action brought by J. Thomas & Co. against J. K. Flynn and Jerome Mowers and others, to foreclose a mechanics’ lien on premises belonging to Flynn. Mowers held a mortgage on the property; and the only question which is now presented to this court is whether, under the circumstances of this case, the mortgage lien of Mowers is prior to the mechanics’ lien of J. Thomas '& Co.
The following facts are admitted and agreed to by the parties:
“On the 6th day of June, 1880, plaintiffs sold and delivered to said defendant Flynn, lumber of the value of $420, under a contract that said lumber was to be used in the erection of a dwelling house on the premises described above, which were owned by said Flynn. On the 28th day of July, 1880, plaintiffs filed in the office of the clerk of the district court of said county their statement under oath, setting forth therein the amount they claimed and the items thereof, and all the facts necessary to make a good and valid lien on said premises for said amount; which said amount of $420, with the interest thereon, is still due to said plaintiffs from said Flynn. All of said facts were properly alleged in plaintiffs’ petition.
“There is still due said Mowers on said mortgage the sum of $350, with interest thereon. Said mortgage was not executed and delivered until after the cellar of said dwelling house (for the erection of which said lumber was so furnished by said plaintiffs) was dug and partly walled up.”
The evidence shows, among other things, that the mortgage was executed in May, 1880, was dated back to Novem- • ber 13,1879, and was recorded July 28, 1880. J. Thomas & Co. had no actual knowledge of this mortgage at the time they sold the lumber to Flynn; but they probably had knowledge of sufficient facts to put them upon inquiry. Flynn testified that when he contracted for the lumber, he told Thomas that there was a small mortgage on the place, but did not tell him who held it or what was its amount; *267 but as the court below found in favor of Mowers and against J. Thomas & Co., we shall assume that J. Thomas & Co. had full knowledge of the existence of the mortgage at the time they made the contract and at the time they furnished the lumber. Mowers testified that the mortgage was executed sometime between the first and fifteenth of May, 1880, and that he thought “the cellar was about completed” at the time the mortgage was executed; and Flynn testified that the “cellar wall was finished” when he.got the lumber. This was all the evidence (aside from said agreed facts) upon this subject.
Upon these facts J. Thomas & Co. contend that their lien is prior to that of Mowers. The statute upon this subject, so far as it is necessary to quote it, reads as follows:
. “Any mechanic or other person who shall, under contract with the owner of any tract or piece of land, . • . . perform labor or furnish material for erecting . . . any building, . . . shall have a lien upon the whole tract or piece of land ... for the amount due him for such labor, or material. . . . Such liens shall be preferred to all other liens and incumbrances which may attach to or upon such lands, buildings, or improvements, or either of them, subsequent to the commencement of such building,” etc. (Comp. Laws of 1879, p. 688, §630.)
Also upon this subject we would cite from and quote the following authorities:
“The commencement of a building, ... is the first labor done on the ground which is made the foundation of the building, and to form part of the work suitable and necessary for its construction.” (Pennock v. Hoover, 5 Rawle, 291, 308.)
“The commencement of a building in law takes place with the digging and walling of the cellar.” (Id.)
It “is some work or labor on the ground, . . . such as beginning to dig the foundation, . . . which everyone can readily see and recognize as the commencement of a building.” (Brooks v. Lester, 36 Md. 65, 70.)
“There is certainly nothing inequitable in subjecting the mortgaged property to the payment of the debt contracted for these materials, of which the purchaser [in this-case the *268 mortgagee] has the benefit. On , the contrary, we think it highly just that those who by their labor or materials have given real value to an unfinished building, which otherwise might never have been finished, should be considered as creditors of the building and paid out of the proceeds of a sale of it in preference to creditors whose incumbrances attach after the building has been commenced. Such laws have been enacted in other states and approved by the courts,” etc. (Dubois v. Wilson, 21 Mo. 213, 214.) See also Davis v. Bisland, 85 U. S. 659; Neilson v. I. E. Rly. Co., 44 Iowa, 7; Meyer v. Construction Co., 100 U. S. 457; In re Cook & Gleason, 3 Biss. C. C. 116; In re Hoyt, 3 id. 436; Am. Fire Ins. Co. v. Pringle, 2 Serg. & E. 138; French v. Burlington &c. Rld. Co., 4 Dill. C. C. 571, 579, 581; Willamette Falls &c. Co. v. Riley, 1 Oreg. 183.
The foregoing ■ decisions are under statutes similar to ours in respect to the date of mechanics’ liens.
In discussing the policy of such statutes, the supreme court of Iowa, in the case of Neilson v. The Iowa Eastern Railway Company, ante, says:
“ It is not desirable that the execution of a mortgage .upon land upon which a building is in process of erection should arrest the work and prevent its completion. Both mortgagor and mortgagee are interested in its completion.”
Counsel for defendant in error, Mowers, suggest that the digging and walling of the cellar was one single and separate transaction, and that the building of the h.ouse upon the cellar walls was another single, separate, distinct, and wholly independent transaction; that the two had no connection with each other as an entirety; that when Flynn commenced the construction of the cellar, and during its construction, he had no intention of continuing the work until the entire building should be completed; but that he simply entertained the intention of constructing the cellar as one undertaking, and of afterward, at some indefinite period of time, and as an independent undertaking, commencing the construction of the house; and that while there was no intention on the part of Flynn of constructing the cellar and the house together as one single enterprise and as an entirety, they *269 were not in fact so constructed; but, on the contrary, the cellar was constructed first, and then the house afterward, and that some considerable time elapsed after the completion of the cellar before the construction of the house was commenced.
Now if counsel’s contention was sustained by the facts, Mowers’s lien would undoubtedly be prior to that of J. Thomas & Co.; but the facts seem to be all against him. There does not seem to be anything in the record tending to show that Flynn intended to, or did, construct the cellar and the house as two separate and independent undertakings; but he seems to have commenced the construction of the cellar with the intention of continuing the work until the entire building should be completed; and it seems from the evidence that after commencing the-construction of the cellar, he did continue the work until the entire building was completed.
We think the mechanics’ lien of J. Thomas & Co. is prior to the mortgage lien of Mowers.; and therefore the judgment of the court below will be reversed, and the cause remanded for further proceedings.
All the Justices concurring.