Argued March 8, decided March 28, 1911.

## CRANE CO. *v.* ELLIS.

### [114 Pac. 475.]

MECHANICS' LIENS—TIME FOR FILING—COMPLETION OF BUILDING.

Where a building contract provided that the building should be completed by December 1, 1906, and the work of construction was actually completed in February, 1907, except for the laying of a cement floor in the basement, which on account of the dampness of the ground was not put in until August, 1907, alleged work performed on October 15, 1907, consisting of putting in two or three feet of sewer pipe so as to connect the house with a sewer in the street, *held,* under the evidence, mere work of repair, and not work of original construction so as to create a new period of limitations for the filing of mechanics' liens.

From Columbia: THOMAS A. MCBRIDE, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by the Crane Company against M. Ellis, the Adamant Company, Nottingham & Company and W. A. Currie to foreclose certain mechanics liens. From a decree in favor of plaintiff, defendant M. Ellis appeals.
REVERSED: SUIT DISMISSED.

For appellant there was a brief over the names of *Messrs. Gammans & Malarkey* and *Mr. Ephraim B. Seabrook* with an oral argument by *Mr. Seabrook.*

For respondent, Crane Company, there was a brief over the names of *Messrs. Cake & Cake* and *Mr. John P. McKee* with an oral argument by *Mr. McKee.*

For respondent, The Adamant Company, there was a brief over the names of *Messrs. Kollock & Zollinger.*

For respondent, Nottingham & Company, there was a brief and an oral argument by *Mr. Andrew T. Lewis.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is a suit to foreclose mechanics' liens. Plaintiff alleges that it has a lien in the sum of $114.87 for material and labor furnished to defendant W. A. Currie, contractor, in the erection of a building in Rainier, Columbia County, Oregon, defendant M. Ellis being the owner of the lot and building; that a notice of lien was filed October 30, 1907, in the office of the county clerk of that county, alleging that the building was completed on October 15, 1907. Plaintiff further alleges that W. P. Fuller & Co. secured a lien on the building for the sum of $300 for material furnished to Currie in the construction thereof, notice of which lien was filed in the county clerk's office on the 31st day of October, 1907, and that thereafter such company duly assigned its claim and lien therefor to plaintiff. It is further alleged that the Adamant Company and Nottingham & Co. claim some interest in this property, and they are made parties defendant. The Adamant Company, by answer, alleges that it has a lien upon the building for the sum of $140.40 for material furnished to Currie for the construction thereof, notice of which lien was filed in the county clerk's office on the 12th day of November, 1907, and Nottingham & Co. alleges that it has a lien in the sum of $130 upon such building for material furnished to Currie in the construction thereof, notice of which lien was filed in the county clerk's office November 11, 1907. The answer of defendant Ellis makes special denials of parts of the complaint, and alleges that the building was completed on February 10, 1907, and that the notices of lien were not filed within 30 days after its completion, and therefore no liens are evidenced thereby. He makes similar answer to the cross-complaints of the Adamant Company and Nottingham & Co. The validity of the liens depends upon the time of the completion of the building. The contention of plaintiff is that, although the main structure of the building

was erected by March 1, 1907, and was occupied thereafter by Ellis, the sewer connection between the building and the main sewer was not made until October 15, 1907; that it had been constructed from the street sewer toward the house prior thereto, but lacked 2½ or 3 feet of connecting with the pipe extending out from the house; and that Currie completed the connection by placing a joint and a half of tile therein on October 15, 1907.

There is no contention that any other construction work was done after the middle of August, at which time the cement floor was laid in the basement. There is some conflict in the evidence whether the sewer had been connected before October 15th, but the evidence is convincing that it had been. Mr. Haggan, a witness called by plaintiff, and who was employed by Currie about the 1st of August to test the pipes and complete the connection with the sewer, testified that after the sewer was tested he went to connect it and found that it had been connected; that it was being used, and water was running through it into the street sewer, which would have been impossible if it had not been connected; that at that time he repaired a leak at the point where the Ellis drain enters the street sewer with cement; and that this was done prior to August 22d. Mr. Plue, superintendent of the work for Ellis, testifies that at the time Currie was laying the basement floor, about the 1st of August, he went over the sewer with Currie from one end to the other, and that it was connected and was being used. Mr. Huycke, a clerk in the building (a store), testifies that the sinks and toilets were used constantly after about the 15th of August. Mr. Gulker, who aided in laying the floor of the basement in August, says that the sewer was being used at that time. The only evidence that it was not connected was by Currie, who is corroborated by Henry Nickert, who helped in placing the tile necessary to connect it, as he alleges, on October 15, 1907.

But Nickert did not know whether Currie had been there before or not, or what the condition of the sewer was prior to that time.  We think the conclusion is irresistible that whatever was done to the sewer after August 15, 1907, was not construction, but repair, work.  The contract of construction was made in August, 1906, and required the completion of the building on or before December 1, 1906, to the satisfaction and under the direction of Mr. W. D. Plue.  It was completed about the 28th day of February, 1907, except at that time, because of the wet condition of the ground, the contractor's time to cement the floor of the basement was extended until it dried out.  That was completed about the 15th of August, 1907.  Any other delay in the work, if any, was unreasonable, and the item alleged as constituting the completion of the work done 10½ months after the time limited by the contract was so unreasonable and long delayed that the contractor and those claiming under him are not entitled to any advantage thereby, even if it was construction work.  The owner of the building had a right to know when the building was completed and to act thereon for his own protection.  In this case the only witness, except Nickert, by whom plaintiff has attempted to establish the date of the completion of the work, is the contractor, to whom was paid the contract price for the construction of the building at a time when he led the owner to believe the building was completed, reserving a small amount of the contract price pending repairs of defects in construction.  From this money the contractor should have paid those who furnished him material, and he now resorts to this trifling circumstance to compel Ellis to pay them for him—a circumstance which we cannot overlook in determining the weight to be given to the evidence.

This question was considered in *Coffey* v. *Smith,* 52 Or.

544 (97 Pac. 1081), in which case Mr. Commissioner SLATER says:

"After the substantial completion of his contract on or about August 13th, plaintiff should not be permitted, by unreasonable delay in the performance of trifling matters, which could and should have been done at an earlier time, postpone the date from which the time allowed by the statute begins to run, * * and the burden is on the lien claimant to show affirmatively that there was no unnecessary or unreasonable delay."

In that case the situation was very similar to the present one. Even if the sewer was not connected until October 15, 1907, yet the circumstances were such that the omission could not operate to revive the right to file the lien. But we find from the preponderance of the evidence that it was connected and the building was completed prior to August 15, 1907. These lien claimants are charged with notice of the terms of the contract, and there is nothing in the evidence to indicate that they were misled in any way. On the contrary, if they were noticing the progress of the building, they must have known that it was completed in February, except the basement floor, which was completed before August 15th.

The decree of the lower court is reversed and one will be entered here dismissing the suit, with costs to defendant Ellis both in this and the lower court.

REVERSED : SUIT DISMISSED.