SHERBONDY et al. v. TULSA BOILER & MACHINERY CO. et al.

No. 11755—Opinion Filed May 20, 1924.

1. Contracts—Lack of Mutuality—Cure by Performance.

Want of mutuality is not a defense when the contract has been fully performed or executed.

2. Same—Indefiniteness—Cure by Performance.

While a contract may be so indefinite that an action for damages will not lie for a breach thereof and specific performance would not be enforced, yet when a party fully performs his part of the contract, and the opposite party accepts the benefits of such performance, the element of definiteness is supplied, and it then becomes a binding and enforceable contract.

3. Mechanics' Liens—Separate Delivery of Material Forming Single Contract.

When material is furnished, to be used for the same general purpose, as in the construction of a building, though the material be ordered and furnished at different times, yet, if the separate parts form an entire whole and are so connected as to show that the parties intended that they should form one complete transaction, and that they should constitute one account, then the entire transaction constitutes a single contract.

4. Same—Priority of Lien Over Other Incumbrances After Commencement of Building.

Under section 3862, Rev. Laws 1910, the lien of a materialman, for material furnished for the construction of a building. is superior to the rights of incumbrancers or purchasers acquired after the commencement of the building; and this applies to an incumbrancer or purchaser between the time the building was commenced and the furnishing of the material.

5. Same—Lien Statement—Designation of "Owner."

Under section 3863, Rev. Laws 1910, the owner of the property, whose name is re-

quired to be given in the lien statement to be filed, means the owner with whom the contract was made by the one claiming the lien.

(Syllabus by Jarman, C )

Commissioners' Opinion Division No. 2.

Error from District Court, Pawnee County: Redmond S. Cole, Judge.

Action by Tulsa Boiler & Machinery Company against Federal Refining Company et al. Judgment for plaintiff, and defendants W. E. Sherbondy, Acme Refining & Pipe Line Company, and A. W. Henn, bring error. Affirmed.

Randolph, Haver & Shirk, H. M. Gray, and C. B. Cooper, for plaintiffs in error.

William Blake, for defendant in error.

Opinion by JARMAN, C. This action was commenced in the district court of Pawnee county by the Tulsa Boiler & Machinery Company, as plaintiff, against the Federal Refining Company, W. E. Sherbondy, the Acme Refining & Pipe Line Company, and A. W. Henn, defendants, for personal judgment against the Federal Refining Company, and to foreclose a materialman's lien upon certain land on which the Federal Refining Company had built a refinery. The cause was submitted to the court without a jury; resulting in a judgment in favor of the plaintiff and against the defendant Federal Refining Company in the amount asked for, and a decree foreclosing a materialman's lien on said property for the amount of said judgment, from which judgment the defendants W. E. Sherbondy, Acme Refining & Pipe Line Company, and A. W. Henn bring error.

On or about March 26, 1917, the plaintiff, Tulsa Boiler & Machinery Company, entered into a verbal contract with the Federal Refining Company, the owner of a certain tract of land at Jennings, Okla., to furnish all the material that it could furnish, to the Federal Refining Company in constructing, or building, a refinery on said land. In compliance with this agreement, the plaintiff furnished to the defendant, Federal Refining Company, material for the construction of said refinery to the amount of $7,087.73, on which there was a payment made of $2,800. The first material furnished by the plaintiff was on March 26, 1917, and the last item furnished was on September 13, 1917, and, on November 23, 1917, less than four months from the date of the furnishing of the last material, the plaintiff filed a lien statement, for the amount of the material furnished, in the office of the court clerk

of Pawnee county. On July 19, 1917, the Federal Refining Company sold and conveyed the real estate in question to W. E. Sherbondy, and at that time the refinery was being built, and the Federal Refining Company agreed to complete the refinery at its cost and expense. On July 23, 1917, Sherbondy sold and conveyed said real estate to the Acme Refining & Pipe Line Company, and on August 21, 1918, the Acme Refining & Pipe Line Company sold and conveyed said property to A. W. Henn.

The case was submitted, and the lien was awarded on said property for the material furnished, and the lien was foreclosed on the theory that the material was furnished under the oral contract of March 26, 1917, by the plaintiff with the Federal Refining Company, the then owner of said property.

The first proposition, urged by the defendants, is: "The evidence shows that the materials were not furnished under the contract entitling plaintiff to the lien decreed."

The defendants call attention to the fact that section 7461, Comp. Stat. 1921, require that the material shall be furnished under a valid contract with the owner of the tract of land in order to procure a lien for the amount of the material furnished. Defendants contend that the transaction between the plaintiff and the owner of the land, Federal Refining Company, wherein the plaintiff agreed to furnish all of the material it could, did not constitute a valid and binding contract, and therefore the plaintiff did not have a lien on said land.

The defendants insist that said contract is void for want of mutuality, and because it is too vague and indefinite. It is true, where a contract is so vague and indefinite that the intention of the parties cannot be ascertained therefrom, or where there is a want of mutuality, an action for damages for breach of said contract cannot lie, nor can specific performance of said contract be required, yet when such contract has been fully performed by one of the parties, and the opposite party accepts the benefits of said contract, it becomes binding on such party, and it relates back and takes effect as of the date of the contract. 13 Corpus Juris, p. 334, sec. 181; Yockey v. Yockey (Kan.) 148 Pac. 665; Little Butte Mining Company v. Girand (Ariz.) 123 Pac. 309; McDougall v. McDonald (Wash.) 150 Pac. 638. So, when the plaintiff fully performed its part of the contract by furnishing the material which it agreed to furnish, and it

was accepted, it cannot be said that the contract is void for vagueness and indefiniteness, because those elements have been supplied by the performance; neither can it be said that the contract is void for want of mutuality, because that element was supplied by the defendants ratifying the contract, and accepting the benefits of it.

The defendants overlooked the fact that the contract under consideration is an executed contract and not an executory one.

The defendants contend that, since this contract could not have been enforced by reason of its vagueness and indefiniteness and lack of mutuality, it merely amounted to an arrangement for a line of credit for the material, and that each order for material, and the supplying thereof, constituted a separate contract. The rule is settled in this jurisdiction that where, as in this case, material is furnished to be used for the same general purpose, as for the construction of a building, though the material be ordered at different times, yet if the separate parts form an entire whole, and are so connected as to show that the parties regarded the separate items of material furnished at different times, as being a part of the entire account, and not constituting separate accounts, the furnishing of said material in this manner will be considered as a single contract. Joplin Sash & Door Works v. Oklahoma Presbyterian College, 36 Okla. 547, 129 Pac. 40.

The next proposition urged by the defendants is: "A lien cannot be predicated upon the oral arrangement, because it was superseded by an agreement in writing."

The record shows that after the oral contract was made and a portion of the material furnished, the Federal Refining Company signed a writing evidencing the understanding had with reference to the furnishing of the material by the plaintiff. The defendants contend that this written instrument supersedes the oral agreement, and that the lien of plaintiff would have to be predicated on the written instrument, and, since such written instrument was not produced in evidence, no lien could be decreed.

It must be borne in mind that this is not an action to enforce the oral contract; the only question here is whether the material was furnished under a contract with the owner of the land, and it is immaterial that the contract was originally oral and subsequently reduced to writing. The reducing of the oral contract to writing does not lessen the fact that there was a contract with the owner, under which the material was furnished, and this is all that is necessary.

Defendants next contend that where the owner of property conveys the same, and the seller contracts to do certain work and furnish certain materials, a third person furnishing materials will stand in the relation of a subcontractor.

The record shows that after the contract was entered into by the plaintiff with the Federal Refining Company for the furnishing of material, the Federal sold the property to Sherbondy, and that the Federal was to then complete the refinery for Sherbondy. The defendants take the position that when the plaintiff furnished the material to the Federal to build the refinery for Sherbondy, it did so as a subcontractor. The effect of this contention is that the material, under such circumstances, was not furnished under a contract with the owner, Sherbondy, but to the Federal, a contractor. We have already disposed of this question by holding that the original contract with the Federal was a sufficient contract with the owner of the property to give the plaintiff a lien for the material furnished.

The defendants further contend, in this contention, that the plaintiff did not have a lien on the property in question. as the property was sold to Sherbondy and possession given to him and his grantees, and the material was furnished by the plaintiff with knowledge that Sherbondy and his grantees, and not the Federal, owned the property.

Section 3862, Rev. Laws 1910, relative to materialman's lien, provides:

"* * * Such lien shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings or improvements, or either of them, subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery, etc."

This statute was adopted from the state of Kansas, and the Supreme Court of that state holds that a person who furnishes material for the construction of a building, although the building be partially completed at the time the material is furnished, has a lien which dates back and takes effect as of the date of the commencement of the building, and that such lien is superior to the lien, or rights. of an incumbrancer, which includes a person who purchased the land between the time the building was commenced and the furnishing of the material.

Mitchell Mortgage & Debenture Co. v. Hutchinson Mfg. Co. (Kan.) 50 Pac. 100; J. Thomas & Co. v. Jerome Mowers, 27 Kan. 265; Kansas Mortgage Co. v. Weyerhauser et al. (Kan.) 29 Pac. 153; Wardin v. Sabins (Kan.) 12 Pac. 520. See. also, Parker v. Walker et al., 48 Okla. 705, 150 Pac. 690, which deals with a similar state of facts as is involved in the instant case.

It is clear, under section 3862, Rev. Laws 1910, that the lien of the plaintiff for the material furnished dated back and attached as of the time of the commencement of the refinery, and that the same is superior to the rights of the purchasers. acquired after the commencement of the refinery.

The defendants' next contention is that the plaintiff is not entitled to a lien for the reason that the lien statement filed by it was not against the owner of the property, but named the Federal Refining Company as owner. The defendants take the position that the lien should be filed against the one who owns the property at the time the lien statement is filed. Section 3862, Rev. Laws 1910, provides that any person who shall, under oral or written contract with the owner of any tract or piece of land, furnish material for the construction of building thereon. shall have a lien upon said land and buildings.

Section 3863, Rev. Laws 1910, provides that such person, claiming a lien, as provided for in section 3862, shall file a lien statement in the office of the clerk of the district court, setting forth the amount claimed, and the name of the owner. It is clear, by construing the two sections together, that it is meant that the lien filed in the office of the clerk shall give the name of the owner of the land with whom the contract was made. These sections of our statute were adopted from the state of Kansas, and the Supreme Court of that state, in construing section 3863, supra, holds that the owner of the property, whose name is required to be given in the lien statement, is the owner with whom the contract was made. Lang v. Adams (Kan.) 80 Pac. 693, at page 596; Smith Lumber Co. v. Russell (Kan.) 144 Pac. 819.

No prejudicial error appearing in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.