## MID-CO PIPE & SUPPLY CO. v. CENTRAL TORPEDO CO. et al.

No. 17543.    Opinion Filed Oct. 4, 1927.

Rehearing Denied Nov. 8, 1927.

(Syllabus.)

1. **Oil and Gas—Materialman's Lien on Leasehold—Material Delivered at Different Times Deemed Under Single Contract.**

The rule is settled in this jurisdiction that

where, as in this case, material is furnished to be used for the same general purpose, as for the development of an oil and gas lease, though the material be ordered at different times, yet, if the separate parts form an entire whole, and are so connected as to show that the parties regarded the separate items of material furnished at different times as being part of the entire account, and not constituting separate accounts, the furnishing of said material in this manner will be considered as a single contract.

## 2. Appeal and Error—Evidence—Competency of Expert—Discretion of Court.

The amount of knowledge which a witness must possess before a party is entitled to his opinion as an expert is a matter which must be left largely to the discretion of the trial court, and its ruling thereon will not be disturbed on appeal unless clearly erroneous.

## 3. Appeal and Error—Waiver of Error by Failure to Object to Submission of Case Upon Interrogatories.

The court submitted this case to the jury upon interrogatories, to which action of the court the appellant made no objection until after the verdict was returned. It was appellant's duty to object at the time the interrogatories were submitted, and not having done so, it waived any error the court may have committed.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by the Central Torpedo Company and another against the Mid-Co Pipe & Supply Company and another. Judgment for plaintiffs, and defendant named brings error. Affirmed.

Samuel A. Boorstin, John F. Conway, and Floyd E. Staley, for plaintiff in error.

Frank T. McCoy, Jno. T. Craig, G. C. Spillers, and A. M. Widdows, for defendants in error.

HEFNER, J. This is a suit to enforce a lien on an oil and gas lease for material furnished in developing the lease. The evidence shows that before the development was begun the defendant John R. Hadley called on the Oil Well Supply Company and asked it to furnish the material necessary to develop and operate the lease, and that the company agreed to do so. Under this arrangement the material was ordered from time to time as it was needed in the development of the lease.

The court submitted the case to the jury upon four interrogatories. Nos. 1 and 4 thereof are the only ones that need here be noted. They and their answers are as follows:

"(1) Q. What do you find to be the value of the material purchased by the Mid-Co Pipe & Supply Company or Sam Novak from the lease in question?

"A. Two thousand, four hundred fifty-five dollars. seventy-four cents.

"(4) Q. Was the pipe in question sold to the Mid-Co Pipe & Supply Company or sold to Sam Novak?

"A Mid-Co Pipe & Supply Company."

Upon the answers to the interrogatories the court rendered judgment in favor of the Central Torpedo Company and the Oil Well Supply Company against the Mid-Co Pipe & Supply Company for the sum of $2,455.74 and sustained the lien on all of the property. From this judgment the Mid-Co Pipe & Supply Company appealed and will hereinafter be referred to as appellant.

The Oil Well Supply Company furnished the material for the development of this lease under the arrangement hereinbefore set out, and filed its lien claim within the time allowed by law after the last item had been furnished. In the meantime the Mid-Co Pipe & Supply Company bought material from the lease and claimed that the Oil Well Supply Company did not have a lien because same was not filed within the time provided by law. Appellant claimed that every purchase of material was a separate and independent contract and that the lien claim had to be filed within the time provided by law after every purchase. This was not done in this case. The Oil Well Supply Company contended that it had an arrangement to furnish the material for the developing and operating the whole lease, and that this arrangement was entered into before the development was begun, and that when it filed its lien within the required time by statute after furnishing the last material the lien claim related back to the first purchase and covered all material furnished.

Under the arrangements between the Oil Well Supply Company and the defendant John R. Hadley for the furnishing of material to develop the lease it is probably true that neither of the parties could have enforced specific performance. Neither could either of them be required to answer in damages for failure to comply with the contract. When the parties performed the contract it became an executed contract and not an executory one, and its lack of mutuality was removed. The appellant claims that the arrangement to furnish the material was nothing more nor less than an arrangement for a line of credit. This same contention was made in the case of Sherbondy v. Tulsa

Boiler & Mach. Co., 99 Okla. 214, 226 Pac. 564, and in answer thereto this court said:

"The defendants contend that, since this contract could not have been enforced by reason of its vagueness and indefiniteness and lack of mutuality, it merely amounted to an arrangement for a line of credit for the material, and that each order for material and the supplying thereof constituted a separate contract. The rule is settled in this jurisdiction that, where, as in this case, material is furnished to be used for the same general purpose, as for the construction of a building, though the material be ordered at different times, yet, if the separate parts form an entire whole, and are so connected as to show that the parties regarded the separate items of material furnished at different times as being a part of the entire account. and not constituting separate accounts. the furnishing of said material in this manner will be considered as a single contract."

Again this court in the case of Joplin Sash & Door Works v. Oklahoma Presbyterian College for Girls et al., 36 Okla. 547, 129 Pac. 40, at page 42, used this language:

"In this connection it is said in Phillips on Mechanics' Liens, par. 229:

" 'But when work or material is done or furnished, all going to the same general purpose. as the building of a house or any of its parts, though such work be done or ordered at different times, yet if the several parts from an entire sale, or are so connected together as to show that the parties had it in contemplation that the whole should form but one, and not distinct matters of settlement. the whole account must be treated as a unit, or as being but a single contract.' "

When the defendant Hadley approached the Oil Well Supply Company and asked it to furnish the material for the development of the particular lease, and the Oil Well Supply Company agreed to furnish the material, it brought itself clearly within the rule laid down by this court in the above cases, and all that was required of it, to preserve its lien. was to file its lien claim within the statutory period after it furnished the last item for the development of this particular lease.

It is next contended by appellant that the witness Bartlett was permitted to testify as to the value of casing purchased by the Mid-Co Pipe & Supply Company from the lease in question. Whether or not a witness is qualified to testify as an expert should be left largely to the discretion of the trial court. In the case of Atchison, T. & S. F. Ry. Co. v. Baker, 37 Okla. 48 (130 Pac. 577) at page 49, this court said:

"The amount of knowledge which a witness must possess before a party is entitled to his opinion as an expert is a matter which must be left largely to the discretion of the trial court, and its ruling thereon will not be disturbed on appeal unless clearly erroneous."

In addition to this the witness was permitted to testify without any objection on the part of appellant. This court has repeatedly held that a party to a suit can not speculate on the testimony to be introduced by the adverse party and after the introduction of such testimony move to strike on the ground that such testimony was incompetent. The court did not abuse its discretion in admitting this testimony.

Again, it is urged by appellant that the court committed error in submitting the case to the jury on interrogatories and not requiring a general verdict. The plaintiff in error at the time the court read and submitted the interrogatories to the judy made no objections thereto. We think that if the appellant objected to the case being submitted to the jury on interrogatories, it was its duty to call the court's attention to the fact and to make proper objections thereto. Not having done so, if any error was committed, it was waived by the appellant.

There being no error, the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 40 C. J. p. 1175, §860 (Anno). (2) 4 C. J. p. 814 §2785; pp. 847, 848, §2832; 22 C. J. p. 526, §610. (3) 3 C. J. p. 861, §760.