## NORMAN v. HEARNE & TITTLE.

No. 19655.   Opinion Filed Sept. 23, 1930.

Rehearing Denied Oct. 28, 1930.

Garrett & Jeter, for plaintiff in error.

H. M. Thacker, for defendants in error.

HALL, C. The only question in this case presented for consideration is whether or not the lien statement was filed within the statutory time—in this case four months—after the last material was furnished or last labor was performed under the contract.

The facts in the case are substantially as follows: Lynn Norman, plaintiff in the trial court and plaintiff in error herein, was the manager of a lumber company, and also a contractor and builder. In March, 1926, he entered into a contract with one R. O. McFalls and McFalls' wife to construct for them a dwelling house in the city of Mangum, for which he was to be paid the sum of $2,453.50.

The building, it seems, was completed in the month of August of the same year, and the McFalls moved in and occupied it. The roof, however, leaked and on October 11th, plaintiff, the contractor, furnished some asphalt paint for the purpose of repairing or stopping the leaks in the roof. The shingles on this roof, it seems, were made of some composition material such as tar, asphalt, and other substances. On October 22nd and 23rd of the same year, plaintiff had this roof repaired by spotting it with this asphalt paint.

On January 15th of the following year, which was 1927, plaintiff filed his original lien claim for the unpaid contract price of the building, which balance claimed was the sum of $376. However, before this lien claim was filed, the McFalls conveyed the premises by warranty deed to the defendants in error, Hearne & Tittle. This deed was immediately placed on record.

The court made a special finding of fact, a part of which is as follows:

"* * * That all material had been furnished to the completion of the building and all the work done and that the building was leaking; that under the terms of the contract the contractor had agreed to furnish a commercial building and feeling himself obligated went back and used some asphaltum paint and had some laborers to put it on, in October of that year.

"If the items furnished in making his contract good are excluded from the other items furnished, the time between August 10th, the time of furnishing the last item except those three mentioned, and the date of filing the lien claim, which is the 15th day of January, 1927, the time had expired for filing the lien; the court being of the opinion that a man has completed his contract—after a contractor has completed his contract, but has done some defective work, that he may not extend the time of his lien by making good that which he built defective."

It will be thus seen that the principal question for determination is whether or not, after the completion of the contract—after the building was completed for all practical purposes and occupied as such—the furnishing of this material and labor to repair the roof operated to start a new period of limitation in which a lien might be filed involving the work of original construction.

Our statutes, in sections 7462 and 7463, Compiled Oklahoma Statutes, 1921, provide that the lien statement in such cases shall be filed within four months, in case of an original contractor (and 60 days in case of a subcontractor), after the date upon which material was last furnished or labor last performed under the contract.

The provision relating to subcontractors is not involved here.

The very nature of the statutes renders

it necessary in many cases (in addition to determining a question of fact often not well defined) to resort to judicial interpretation of the terms "last labor performed, or last material furnished under the contract" to ascertain the commencement of the statutory period of time in which a lien claim may be filed. In this connection the courts have universally held that where the contract is regarded as completed, or where the contract is terminated by reason of abandonment or cancellation, the last materials furnished and the last labor performed within the meaning of the statutes so as to start the running of the statutory period for filing of the lien claim, is that material furnished on the date of the actual delivery of the material, and in case of labor it is that labor performed on or prior to the completion of the building, or by termination of the contract. 40 C. J. pp. 194-197, sections 229-232. Chicago Lumber Co. v. Merrimack River Sav. Bank, 52 Kan. 410, 34 Pac. 1045; Crane Co. v. Ellis et al., 58 Ore. 299, 114 Pac. 475.

There are exceptions to the above rule, which exceptions we shall note in a succeeding paragraph.

Plaintiff contends that this case falls within one of the exceptions; but we are of the opinion that the undisputed facts fail to show that the labor and material, to wit, asphalt paint, used in repairing leaks in the roof, were a part of the work of original construction and not strictly work of repair. This was the express holding of the trial court. Such facts as would produce or bring about the other recognized exception are not present in this case.

The testimony reasonably clearly showed that the plaintiff ceased to furnish material and ceased to perform labor on this building on or about August 10th; that, except as to a final settlement between plaintiff and the other contracting parties, the McFalls, their contract had been fully performed. The evidence clearly shows that the furnishing of this asphalt paint and the labor to spread it around on certain leaky portions of the roof involved simply work of repair and not work of construction.

After the completion of the building, if plaintiff could return two months thereafter and make some repairs due to faulty workmanship or faulty material and thereby start anew the statutory period for filing lien claims involving the work of original construction, then there would be no good reason to deny him that right had he waited two years after the substantial completion of the building instead of two months.

Plaintiff contends that McFalls refused to "accept" the building; that is, he refused to make final settlement prior to the time of the repair work on the roof. In this connection, plaintiff says that in November he and the defendant McFalls had an agreement as to the amount due plaintiff under the contract. Nothing was paid, however, in November. In fact, nothing was ever paid except that which was paid by Hearne & Tittle as mortgagees at or about the time the building was completed; that is, in August, 1926.

Assuming, however, that the trial court accepted without reservation the testimony of plaintiff, yet that fact would not take plaintiff's case without the rule that the doing of the work and not the acceptance of it marks the beginning of the period for computing the time for the filing the lien. In this connection the rule is stated in 40 C. J. page 197, sec. 232, as follows:

"In general the doing of the work, and not its acceptance, marks the completion of the contract. However, where an architect is employed to supervise the construction of a building for a percentage of the cost, and under the building contract final settlement with the contractor is to be made upon the architect's certificate of completion the architect's work is not complete until he has given such certificate and the period in which he may file a lien runs from such time; and it has been held that a claim may and should be filed within the statutory period after the architects have expressed satisfaction with the work where the parties have stipulated that the work is to be done to the satisfaction of the architects; but it has also been held that, where the contract requires the work to be done to the satisfaction of the superintendent of streets, the time within which a lien may be filed begins to run from the completion of the work, and not from the time a certificate is made by such superintendent that the work is done to his satisfaction. Under the express provisions of a few statutes the period for filing the claim is computed from the date of acceptance of the work, at least in certain cases."

It is clear that the present case does not fall within any one of the exceptions to the rule that the doing of the work and not its acceptance marks the completion of the contract.

For the reasons herein stated, the judgment of the trial court is hereby affirmed.

HERR, REID, EAGLETON and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 12 L. R. A. (N. S.) 864; 35 L. R. A. (N. S.) 909; 51 A. L. R. 979; 18 R. C. L. p. 934.