### DONALDSON & YAHN v. STILLWATER BLDG. & LOAN ASS'N et al.

No. 24678.    May 14, 1935.

Cress & Tebbe, for plaintiff in error.

Raymond H. Moore and Bowles & Bowles, for defendants in error.

GIBSON, J. T. F. Meshek was the owner of a five-acre tract of land in Noble county, and Henry Clay Kasl owned certain town lots in West Perry. Meshek and Kasl exchanged properties.

This action was commenced in the district court by Meshek against Kasl to enforce an alleged vendor's lien on the five acres mentioned. The pleadings on the part of Meshek and Kasl are not contained in the record, but it appears that, at the request of Kasl, the plaintiffs in error, Donaldson & Yahn, were made parties to the suit. They filed their answer and cross-petition seeking foreclosure of lien upon said five acres and foreclosure of a mortgage on the lots in West Perry traded to Meshek by Kasl, and at their request the defendant in error Stillwater Building & Loan Association was made a party to the suit. The loan company filed its answer and cross-petition seeking the foreclosure of a mortgage upon said five acres and to establish the same as a first and prior lien thereon. Said mortgage was executed by Kasl subsequent to his trade with Meshek.

The only parties to this appeal are Donaldson & Yahn, who will be referred to hereinafter as defendants, and Stillwater Building & Loan Association, which will be referred to as plaintiff.

It is alleged by the defendants that on the 15th day of August, 1927, they entered into an oral contract with T. F. Meshek whereby they agreed to and did furnish material to Meshek for the erection of improvements on the five-acre tract of land of which he was the owner. That the last material was furnished under said contract on the 26th day of November, 1928, and that within four months from that date the defendants filed mechanic's and materialman's lien claim for the material so furnished.

Plaintiff claims that the defendants were not entitled to a lien for numerous reasons, among which was that the lien claim was not filed within the time allowed by the statute, and that consequently its mortgage, although executed after the material was furnished, was a prior and in fact the sole lien on the five-acre tract.

Whether or not the lien statement was filed within the time limit was a question of fact to be determined from the evidence. In order for the lien claim to have been filed in time it must have been filed within four months after the last item was furnished pursuant to the contract. (Section 10976, O. S. 1931.) Material furnished for repairs subsequent to the completion of a contract will not extend the time for filing mechanic's lien under sections 10975, O. S. 1931, and 10976, supra. Norman v. Hearne et al., 145 Okla. 217, 292 P. 332. Nor will extra materials furnished after the completion of the contract extend the time for filing liens.

The case was tried to the court without the intervention of a jury and a judgment was entered establishing the plaintiff's mortgage as a first lien and the lien of the defendants as junior and inferior thereto, and foreclosure of both liens against the five acres in question was decreed.

In decreeing that plaintiff's mortgage was prior and superior to the lien of the defendants, the court found that the last items of material furnished by the defendants were not furnished under the original contract, and that therefore, the time for filing defendants' lien expired prior to the date on which it was filed. The landowners, however, are not parties to this appeal and have raised no objection to the judgment of the trial court awarding defendants a second lien. For that reason, alone, the judgment in defendants' favor is allowed to stand.

The judgment is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.