The H. E. LEONHARDT LUMBER COMPANY, a corporation, Plaintiff in Error,

v.

ED WAMBLE DISTRIBUTING COMPANY, a co-partnership composed of E. A. Wamble and Mrs. E. A. Wamble; Phillip E. Tate and Norma I. Tate, his wife; George W. Castle, Jr. and Helen C. Castle, his wife; and Selected Investments Mortgage Company, a corporation, Defendants in Error.

No. 39904.

Supreme Court of Oklahoma.

Jan. 29, 1963.

Hanson & Peterson, Oklahoma City, for plaintiff in error.

Merson & Campbell, Oklahoma City, for defendant in error, selected Investments Mortgage Co.

William H. Henderson, Oklahoma City, for defendants in error, George W. Castle, Jr. and Helen C. Castle.

DAVISON, Justice.

This is an appeal by The H. E. Leonhardt Lumber Company from a judgment in favor of George W. Castle, Jr. and Helen C. Castle and Selected Investments Mortgage Company, denying Leonhardt's claim of a materialman's lien and denying foreclosure thereof on real estate located at 3309 N.W. 46th Street in Oklahoma City. The action was commenced by Ed Wamble Distributing Co., but this party later defaulted and its claim of lien is not an issue in this appeal.

The record reflects that on May 1, 1958, Phillip E. Tate and his wife were the owners of vacant lots at the above address, and also a number of other building sites, and that Tate was engaged in the business of constructing houses thereon and then selling the land and residences to interested purchasers. On May 1, 1958, Tate and Leonhardt entered into an oral agreement or contract by which Leonhardt was to furnish building materials, for which Leonhardt was to be paid when the respective houses were sold or completed.

Beginning May 1, and thereafter, Leonhardt furnished materials and charged to the project at the above address the sum of $4224.69. The amount of this indebtedness from Tate to Leonhardt and that it was not paid is not disputed. Leonhardt's records show that deliveries of materials during May and June account for all of the above indebtedness with the exception of $55.49. This portion of the account was for items furnished during the months of July and August and for 2 door locks furnished in October. The last two items of the account were: August 23, 1958—$4.49, and October 2, 1958—$8.47.

At some undisclosed time the Castles negotiated for the purchase of the property. The Castles moved into the residence on September 6, or 7, 1958, and on September 12 the Castles took title and gave a mortgage to Selected for about $18,000. The deed and mortgage were filed of record September 15, 1958. After occupying the residence and prior to October 2, 1958, the Castles discovered that the locks on 2 passage doors were loose and called this to the attention of Tate. It was found that an employee of Tate had made the holes in the doors too large for the locks that had been used. On October 2, 1958, an employee of Tate ordered 2 different locks from Leon-

hardt and another Tate employee removed the existing locks and installed the new locks on the same date. Tate did not charge the Castles for the locks or labor in making the change.

On February 2, 1959, Leonhardt, not having been paid, filed its materialman's lien. The trial court held that under the circumstances the furnishing of the locks by Leonhardt on October 2, 1958, did not extend the time within which to file the lien, and since the lien was not filed within 4 months from the last preceding date of furnishing material (August 23, 1958) the lien was invalid. 42 O.S.1961 §§ 141 and 142.

Leonhardt urges that under the evidence and law the trial court erred in rendering the judgment.

Title 42 O.S.1961 §§ 141 and 142, give a lien to any person who shall, under oral or written contract with the owner of a tract of land, furnish material for the erection of a building, to be perfected by filing a lien statement in the office of the clerk of the district court, within 4 months after the date upon which material was last furnished under the contract. Under these statutes the right to a lien depends on a contract with the owner. The question presented is whether the judgment based on the contract and the evidence, is against the clear weight of the evidence.

Leonhardt's employee, McNeil, stated the material was sold under an "agreement with Tate that I'd carry him until this house was sold and that * * * from that time I would have to protect my legal rights on filing liens within due course" and "Well, the deal that I had with Tate was that I would carry him on this lumber until the houses were finished." Tate testified as follows:

"Q Mr. McNeil testified that the general agreement you had was that they would carry you until the house was sold, is that right?

"A Yes, sir.

"Q And then when the houses were sold, why, that's when your account became due?

"A Yes, sir."

The testimony is that the house was completed at the time of sale and transfer of title (September 12, 1958) and that the house was sold as a completed house. The trial judge described the substitution of the locks as "repairs." It is apparent that the trial court concluded from the evidence, as the basis for its judgment denying the lien, that in the language of the oral contract between Leonhardt and Tate the house had been both finished and sold, and that the locks were not furnished under such contract.

■ Whether a lien statement is filed within the statutory time limit is a question of fact to be determined from the evidence, and this being an action of equitable cognizance, the judgment will not be disturbed on appeal unless the same is clearly against the weight of the evidence. Liberty Plan Co. v. Francis T. Smith Lumber Co., Okl., 360 P.2d 500.

In Donaldson & Yahn v. Stillwater Building & Loan Ass'n, 172 Okl. 258, 45 P.2d 65, there existed a fact situation very similar to that presented in the present appeal. In the cited case the lien sought to be foreclosed was for material furnished to the prior owner, he conveyed the land to another, who placed a mortgage on the property. We affirmed the lower court on the ground that the evidence sustained the finding of the lower court that the last items of material furnished by the materialman for improvements were not furnished under the original contract with the landowner and that therefore the time for filing lien had expired. Citing St.1931 §§ 10975, 10976. (42 O.S.1961 §§ 141, 142)

■ Leonhardt argues that the replacement of the original locks (which appear to have been furnished by Leonhardt) was not due to any defect in the locks themselves and was not a repair as regards any material furnished by it, and conse-

quently the rule that repairs of defects do not extend the time to file a lien did not apply to Leonhardt. This argument overlooks the reason for the rule and that is that repairs of defects are not "last labor performed or last material furnished *under the contract.*" See Norman v. Hearne & Tittle, 145 Okl. 217, 292 P. 332. The reason or principle applies in the instant case in that, as provided in the contract between Leonhardt and Tate, the house had been both finished and sold, and title was in the Castles when the locks were furnished.

Leonhardt also relies on Sherbondy v. Tulsa Boiler & Machinery Co., 99 Okl. 214, 226 P. 564. The case is not in point because the decision is based on different facts. There the contract was to furnish, and the lien claimant did furnish, material in the construction and building of a refinery. The validity of the lien did not depend on an extension of time to file such lien by reason of material furnished after the refinery had been constructed and built.

■ This court has recognized that a materialman's lien is a creature of statute; and, while it must be liberally construed to effect the purpose of the law, yet it is a condition precedent to effectuating a lien that the lien statement be filed within the time prescribed by law. Taylor Bros. v. Gill, 126 Okl. 293, 259 P. 236, 54 A.L.R. 979.

· ■ The judgment of the trial court is not clearly against the weight of the evidence.

Affirmed.

. BLACKBIRD, C. J., and WELCH, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, V. C. J., dissents.

HALLEY, Vice Chief Justice (dissenting).

· To me a residence is not completed until locks of proper size are installed on the doors of the same. I am of the opinion that under the terms of the contract between Tate and Leonhardt that the locks were the last materials furnished under said contract and that the lien claim filed on February 2, 1959, was filed within four months as required by 42 O.S.1961 § 142

I dissent.