1999 OK CIV APP 98

**George SCROGGINS, Plaintiff/Appellant,**

v.

**Roger D. GADDIS, Defendant/Appellee.**

**No. 90831.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 9, 1999.

Rehearing Denied June 3, 1999.

Certiorari Denied Oct. 5, 1999.

---

Austin R. Deaton, Jr., Ada, Oklahoma, For Plaintiff/Appellant.

Kenneth R. Johnson, Ada, Oklahoma, For Defendant/Appellee.

### OPINION

Opinion by CAROL M. HANSEN, Presiding Judge:

¶1 Plaintiff/Appellant George Scroggins (Builder), the builder of an office building in Ada, Oklahoma, sued the building's owner, Defendant/Appellee Roger D. Gaddis (Owner), for the balance due under the construction contract. Owner countersued for the cost of completing the building and for rents lost as result of Builder's failure to meet the construction deadline. After a bench trial, the trial court granted Builder judgment against Owner in the amount of $10,742.27 and Owner judgment against Builder for $10,771.38. It then awarded Owner $9,250.00 for attorney fees and $65.72 for costs. Builder appeals with five contentions of error. We reverse and remand for new trial based on the admission of prejudicial hearsay evidence.

¶2 One of Builder's contentions of error is the trial court admitted and relied on hearsay evidence. During Owner's direct examination, he testified he made a punch list of items needing to be repaired or completed on the building. He entered the punch list into evidence as Exhibit 12. Then the following exchange took place:

Q (By Mr. Johnson) I hand you what's been marked as Defendant's Exhibit No. 5 and ask if you can identify that, please?

A This is a repair estimate for some punch list items given to me by the House Doctor, a contractor in Ada.

. . .

Q And does that go over the list that was given on—most of which is given on Defendant's Exhibit No. 12?

A Yes, the punch list items. Yes.

Q And what is the amount of that—

At this point, Builder's counsel objected on the grounds the exhibit was hearsay. Owner's counsel responded A the defendant can submit to the court for its review a list of items in his estimated cost and where he got those. The trial court overruled the objection and direct examination continued:

Q (By Mr. Johnson) What is the amount reflected on that exhibit, Mr. Gaddis?

A $5,302.

Q And do you believe that is a reasonable price and cost to do the repairs that are—have not been done and completed on this project?

A Yes, I do.

Owner's counsel then moved the admission of Exhibit 5. The trial court, over Builder's reiterated objection, admitted it.

¶3 To its journal entry of judgment, the trial court attached four exhibits showing how it calculated each party's damages. The first, entitled "COURT'S EXHIBIT A," stated it showed "OMISSIONS, DEVIATIONS & DEFECTS CHARGEABLE TO PLAINTIFF (Based on Defendant Trial Exhibits 5 & 12)." The exhibit listed each item from the punch list and assigned to each a cost identical to that shown on Exhibit 5.

¶4 Exhibit 5 is hearsay. It is an out-of-court statement made by the House Doctor, who did not testify, and was offered to prove the truth of its content, the House Doctor's estimates of the cost of repairing or completing each punch list item. 12 O.S.1991 § 2801(3). The exhibit's "probative force depends on the competency and credibility of a person other than the witness." *Matter of M.A.G.*, 1996 OK CIV APP 103, ¶6, 924 P.2d 795. Owner did not testify to his own estimate of the costs to correct the punch list items; rather, he testified he believed the total amount of the House Doctor's estimate to be reasonable. Such testimony is merely the "hearsay repetition of another's estimate." *Durell v. Public Service Co. of Okla.*, 174 Okla. 549, 51 P.2d 517, 518 (1935).

¶5 In order to be reversible error, the admission of hearsay evidence must be prejudicial. "The test of prejudice is the likelihood the verdict would have been different had the error not occurred measured by the usual criterion of the verdict's support in the evidence." *Matter of M.A.G.*, 1996 OK CIV APP 103, ¶4, 924 P.2d 795. The prejudicial impact of the admission of Exhibit 5 is apparent from the trial court's order citing it as the supporting evidence for its findings in Court's Exhibit A. No other evidence of the

costs to correct the punch list items was offered. Had Exhibit 5 not been admitted, there would have been no support in the evidence for that portion of Owner's claim against Builder and it is likely the judgment against Builder would have been different. In addition, a reduction in the amount of the judgment granted Owner against Builder likely would have changed the award of attorney fees by changing the prevailing party. Therefore, the admission of Exhibit 5 is prejudicial error requiring reversal.

¶ 6 We find no other errors of law requiring reversal in the trial court's order, but we note the trial court incorrectly applied the law relating to Owner's claim for damages arising from Builder's failure to timely complete the building. The trial court did not need to find the contract provided time was of the essence in order to award damages for delay in performance. Where a contract expressly provides time is of the essence to the contract, there "must be compliance with its terms within the time specified, or no recovery can be had upon such contract." *Hamra v. Mitchell,* 133 Okla. 264, 271 P. 1042, 1043 (1928). Where time is not of the essence, a contractor who does not complete performance by the specified deadline may recover on the contract subject to liability for damages for the delay. 17A C.J.S. Contracts § 502(4)a (1963) and 13 Am Jur 2d § 47 (1964). See, e.g., *Ralph D. Nelson Co., Inc. v. Beil,* 1983 OK CIV APP 57, ¶ 12, 671 P.2d 85. Owner is entitled to compensation for "all the detriment proximately caused" by Builder's breach. 23 O.S. 1991 § 21. However, he may not recover for damages resulting from delay he caused. 13 Am Jur 2d § 48 (1964). Upon retrial, the trial court should determine the period of delay, the relative responsibility of each party for that delay, and the commensurate amount of damages.

¶ 7 The trial court correctly applied the law relating to the time for filing a mechanic and materialman's lien. The lien statement must be filed "within four (4) months after the date upon which material or equipment used on said land was last furnished or labor last performed under contract." 42 O.S.1991 § 142. Where work under the original contract has been completed, the performance of repairs does not extend the time to file a lien. *H.E. Leonhardt Lumber Co. v. Ed Wamble Distributing Co.,* 1963 OK 17, 378 P.2d 771, 774. For the purpose of computing the time for filing the lien, "the doing of the work, and not its acceptance, marks the completion of the contract." *Norman v. Hearne & Tittle,* 145 Okla. 217, 292 P. 332, 334 (1930). "Whether a lien statement is filed within the statutory time limit is a question of fact to be determined from the evidence." *H.E. Leonhardt Lumber Co. v. Ed Wamble Distributing Co.,* 1963 OK 17, 378 P.2d 771, 773.

¶ 8 Builder's contention the trial court erred in construing the parties contract argues only the weight and credibility of the evidence establishing the terms of the contract. Because we grant a new trial, we need not reach those issues. The trial court's order awarding attorney fees and costs to Owner must be reversed because the prevailing party cannot be determined until new trial. Accordingly, the trial court's judgment for Owner against Builder and its order awarding attorney fees to Owner are **REVERSED** and this matter is **REMANDED** for new trial consistent with this opinion. Builder's judgment against Owner was not appealed and is left undisturbed by this opinion.

¶ 9 JONES, C.J., and ADAMS, J., concur.