**BLAUNER & HARTLEY et al. v. EDWARDS et al.**

No. 20575. Opinion Filed Sept. 16, 1930.

Clayton B. Pierce, for petitioners.

Everest, Dudley & Brewer, for respondent John Edwards.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for State Industrial Commission.

CLARK, J. This is an original action filed in this court to review an award of the State Industrial Commission made and entered on the 25th day of June, 1929, wherein John Edwards was awarded compensation for a period of 32 weeks and four days, amounting to $588, and the Commission made a further award for medical expenses incurred by claimant for treatment of injury up to and within a reasonable sum. The sixth finding of fact is as follows: That respondent has failed to furnish claimant medical treatment other than first aid; that further medical treatment for said injury was necessary and was procured by claimant.

Petitioner in its brief does not challenge the validity of the award for temporary total disability, but does challenge the award for medical treatment. The facts in this case disclose that respondent John Edwards was injured on November 1, 1926; that the injury was caused by a brake lever on a drilling rig, being a piece of solid steel pipe approximately two inches in diameter, slipping. and striking plaintiff across the chest and abdomen, and plaintiff received lacerations about the mouth and gums and some of his teeth were knocked out.

John Edwards, claimant below, respondent herein, was taken to Dr. Ware of Seminole, who dressed his wounds, and who sent him to Dr. Traywick, a dentist, to have his teeth treated.

On the 6th day of November, the claimant went back to work, but did practically no work between then and the 23rd day of November. During this time, claimant continued to cough up bloody phlegm, and complained of severe pains in his chest. On the 23rd day of November, he collapsed in

the bunkhouse on the lease operated by petitioners. He laid in the bunkhouse about a day and a half with no attention given him whatever by his employers, although they knew of his condition. One of his fellow workers took him to Seminole, but was refused admittance to the hospital for the reason the hospital was full. He was then taken to the Municipal Hospital at Shawnee, where his condition was diagnosed as a fully developed case of pneumonia. He was treated at the hospital at Shawnee, and later taken to Canton, Ga., a nurse accompanying him for the reason he was unable to travel alone. There a subsequent operation had to be performed to save his life.

The record further discloses that those in charge of the hospital made an attempt to get in touch with the respondents, and finally did get in touch with representatives of Blauner & Hartley and were informed by them that said Blauner & Hartley assumed no responsibility for the treatment of respondent.

It is contended by petitioners here that respondent failed to request medical attention, and that the employer cannot be held liable for medical expenses incurred by the employee of his own accord.

Section 7288, O. O. S. 1921, provides: If the employer fails or neglects to provide medical attention within a reasonable time after knowledge of the injury, the injured employee, during the period of neglect or failure, may do so at the expense of the employer.

Petitioner contends that in the absence of proof of demand or request for additional medical treatment on account of the injury, this employee cannot recover from his employer the medical expenses incurred by him in the treatment of his injury subsequent to November 23rd.

The record in this case discloses that employer had full knowledge of the accident and the resultant injury to the employee, and that the employee was continuously complaining of his chest, and that on November 23rd he collapsed in the bunkhouse of employer in the present of employer's agents or servants, and was given no consideration whatever; and that immediately after he was taken to the hospital at Shawnee, he was delirious or unconscious the greater part of the time, and the petitioners here should not be permitted to avoid the payment of medical expenses for the reason the injured employee was in such a condition

that he could not formulate or make a demand on the employer for medical attention.

The State Industrial Commission found that the employer, under all the facts and circumstances, was liable for the medical expenses. We think the same is supported by sufficient evidence, and the award is and should be affirmed.

Respondent John Edwards filed his cross-appeal, in which he alleges that the award of the Industrial Commission was insufficient; that he was partially disabled and unable to return to heavy work at the time that compensation was discontinued. This is a disputed question of fact and the finding of the Industrial Commission is binding on this court.

The award of the Industrial Commission is in all things affirmed.

MASON, C. J., LESTER, V. C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

RILEY and HUNT, JJ., absent.

Note.—See under (1) anno. 30 A. L. R. 1277; 58 A. L. R. 1382; 28 R. C. L. p. 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Continuing Perm. Supp. p. 1211. See Workmen's Compensation Act, C. J. §97, p. 101, n. 81; §127, p. 122, n. 40.