### BLAUNER & HARTLEY et al. v. EDWARDS et al.

No. 22907. Opinion Filed May 10, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Freeling & Box, for respondent John Edwards.

CULLISON, J. This is an original proceeding before this court to review an award made to John W. Edwards on the 5th day of September, 1931, by the State Industrial Commission. The record discloses that the award sought to be reviewed herein was made pursuant to hearings had upon claimant's motion to reopen the case on the ground of change in condition from temporary total disability to permanent partial disability. Said award is as follows (omitting caption):

"Order.

"Now, on this 5th day of September, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to hearing had at Oklahoma City, Okla., May 28, 1931, before H. O. Matchett, inspector, duly assigned to hear said cause, on motion of the claimant to reopen said cause and award further compensation, at which hearing the claimant appeared in person and by his attorneys, Freeling & Box, and the respondent and insurance carrier appeared by C. B. Pierce, and the Commission after reviewing the testimony taken at said hearing and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That on and prior to November 1, 1926, claimant, John Edwards, was in the employment of respondent Blauner and Hartley, and was engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law.

"(2) That arising out of and in the course of such employment with respondent herein, said claimant sustained an accidental injury on November 1, 1926; the nature of said injury was laceration on chin, teeth knocked out. Pneumonia followed and empyema followed the pneumonia. Claimant complained of dull heavy pain, dizziness at times, and coughed up phlegm immediately following the accident.

"(3) That the average daily wage of the claimant at the time of said accidental injury was $11 per day.

"(4) That heretofore, on the 25th day of June, 1929, the Commission made an order awarding the claimant compensation at the rate of $18 per week, for 32 weeks and four days, in the sum of $588 computed from November 23, 1926, to July 9, 1927. And on the 5th day of February, 1931, the Commission made an award for $1,171.83 in full and final settlement of the medical bills incurred by the claimant herein.

"(5) That after the order of the Commission of June 25, 1929, the condition of the claimant grew worse, and at the time of the filing of the motion to reopen in this case, March 6, 1931, and up to this time, as a result of said accidental injury, the claimant's wage-earning capacity has decreased from average daily wage of $11 per day to a daily average of $5 per day.

"(6) That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to 66⅔ per centum of the difference between his average weekly wage and his wage-earning capacity thereafter, in the same employment, payable during the continuance of such partial disability, not to exceed 300 weeks.

"Under consideration of the foregoing facts: The Commission is of opinion that this cause should be reopened for the purpose of awarding further compensation, and it is so ordered.

"The Commission is further of opinion: That on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $18 per week, for a period not to exceed 300 weeks, subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon the application of any party in interest. That there is now due the claimant the sum of $474 as compensation, at the rate of $18 per week, computed from March 6, 1931, to September 5, 1931, or 26 weeks' and two days' compensation at the rate of $18 per week.

"It is, therefore, ordered that within 15 days from this date the respondent pay to the claimant herein the sum of $474 as compensation, from March 6, 1931, to September 5, 1931, or 26 weeks' and two days' compensation at the rate of $18 per week, and to continue compensation thereafter to the claimant at the rate of $18 per week until a period of 300 weeks have been paid, or until otherwise ordered by the Commission.

"It is further ordered: That within 30 days from this date the respondent file with the Commission proper receipt or other report evidencing compliance with the terms of this order.

"Upon the adoption of the foregoing order the roll was called and the following voted aye: Doyle, Chairman, and Fannin, C."

"HOM :ES"

Petitioners urge reversal of the award upon the following specification of error:

### Proposition 1.

"The Industrial Commission has jurisdiction to review its award on ground of change in condition only and where the evidence wholly fails to show a change: it being shown that the claimant is in the same or better condition than he was at the time of the former award, the Industrial Commission is without power or jurisdiction to allow or award additional compensation."

Petitioners contend that, inasmuch as certain proof in the original action showed that the claimant had been disabled at all times, there could not be any change of condition shown in a succeeding action, and if a change of condition existed at all, that it was for the better instead of the worse.

Petitioners had the first award reviewed by this court (cause No. 20575, Blauner & Hartley v. Edwards, 145 Okla. 83, 291 P. 551) in an effort to escape liability for furnishing claimant medical treatment. Said opinion states that the "petitioner in his brief does not challenge the validity of the award for temporary total disability, but does challenge the award for medical treatment."

In view of this fact, petitioners cannot now challenge the finding of temporary total disability in the first award.

Petitioners state in their brief that "the determination of this appeal depends upon whether or not there is any competent and reasonable evidence to sustain the Commission in its finding that there was a change in condition."

We must therefore examine the record and determine whether or not the findings and award are based upon any competent evidence reasonably tending to show a change of condition for the worse since the last award of June 25, 1929.

Claimant testified that following the seven months' period of confinement, during which time he was unable to assist himself, he tried to do everything his doctors suggested in an effort to regain his health and improve his physical condition. He further testified as follows:

"Q. I will ask you to state whether or not your condition has improved from the standpoint of your physical well being, or are you in worse condition from that time until now? A. No, sir; my condition has not improved. Q. I will ask you to state to the Commission whether or not you have undertaken or tried to do any form of manual labor? A. I have, three or four times. Q. What kind of jobs did you get? A. I got a job in two machine shops and one job on a truck line. Q. Were you able to hold any of those jobs? A. No, I wasn't. Q. How long after you were discharged was it before you first tried to engage in any physical work? A. I believe three or four months."

Again quoting from the testimony of claimant:

"Q. Now, prior to this accident, were you ever, to your knowledge, affected with spine curvature? A. No, sir; I was as straight as any man I ever saw. Q. I will ask you if. during this period, since the order of the Commission up to this time, if you know whether that spine curvature has become more pronounced. (Objection and ruling.) A. It is. Q. How do you know? A. My shoulder seems to be stiff up to my shoulder blade. Q. Do you know whether this condition is more definite or not? A. It seems that it is more permanent—the vertebrae are stiff, I cannot straighten my back—that is my opinion of it. Q. That is your own opinion? A. Yes, sir. (By the Court): Q. It feels that way? A. (By the Witness): Yes, sir, cannot move it."

Dr. T. H. Rowland, who treated claimant at the time of his injury, and again examined claimant but a few days before the hearing, testified as follows:

"Q. Is the relation of the lung, there, would that cause a continuous curvature of the spine? A. That is a result. Q. Doctor. I would ask you to state now that if his physical condition at that time indicates to you that he is better or worse than when you examined him originally? A. **His condition is worse.**"

We do not think it would serve any good purpose to set out additional testimony along these lines. In view of the written record, the contention of petitioners must fail.

We conclude and hold that the record contains competent evidence reasonably tend-

ing to support the award of the Commission, and under the well settled rule in such cases, the award will not be disturbed by this court upon review. B. B. & Waite Drilling Co. v. Rowland, 145 Okla. 217, 301 P. 310.

The award of the Commission is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.